### PEER v HORVITZ et

Ohio Appeals, 9th Dist, Lorain Co

No. 540.   Decided Dec 17, 1930

Frank C. Scott, Cleveland, and David H. Aiken, Lorain, for Peer.

Fauver & Fauver, Elyria, for Horvitz.

## PER CURIAM

We cannot agree with this contention. Whether Horvitz "owned" said newspaper was not a determinative fact in the case. The word "owner" is indefinite; if he was owner in the sense that the stock of a bona fide corporation which had the title to the property and published the newspaper belonged to him, that alone would not make him individually the publisher of the newspaper or individually responsible for articles published therein; but if there was not a bona fide corporation and the pretended organization was fictitious and was held out by him as bona fide and was created and solely controlled by him as a convenient means by which, through his agents, he caused the newspaper to be published, he would be the publisher and individually responsible as such. It is therefore apparent that if the jurors had agreed upon an affirmative answer to said question, such finding would not be inconsistent with the general verdict in favor of Horvitz.

The purpose of the statute requiring special findings is "to obtain findings upon all such particular questions of fact, **and upon such only,** as will test the correctness of the general verdict which such findings accompany" and thus "to provide means of ascer-

taining whether in the general verdict the jury have erred in the application of the law to their conclusions of fact." (**Electric Rd. Co. v Hawkins, 64 Oh St 391, at p. 397.**)

To warrant setting aside a general verdict as inconsistent with a special finding, the conflict must be clear and irreconcilable. (**Davis v Turner, 69 Oh St 101.**) The question in this case was so framed that no matter which way the jury answered it there would be no clear and irreconcilable conflict between such finding and a general verdict in favor of Horvitz, and would not show that the general verdict was the result of an erroneous application of the law; therefore it is immaterial that the court did not require the jurors to answer said question in a manner which required three-fourths to agree upon the answer.

If three-fourths had answered the question in the same way, the method adopted by the court would have been sufficient, and when the verdict was returned with the question answered in the way it was, if the plaintiff was not satisfied he should have objected and requested that the jurors be sent back for further deliberation; by not objecting to the receipt of the verdict and not objecting to the discharge of the jury upon the ground that three-fourths of the jury had not agreed upon an answer to said question, the plaintiff waived his right to complain because the jury failed to answer said question.

**Caldwell v Brown, 6 C. D. 694.**

**Wylie v King, 18 C. C. (N.S.) 304.**

**Masonic Accident Assn. v Harrington, 10 C. C. (N.S.) 134.**

**Adams v Union Gas Co., 26 O. D. 118.**

Another assignment of error is the claim that there was misconduct on the part of counsel for the defendants.

We have carefully read and considered the record involved in such complaint, and we find no misconduct on the part of the attorneys for the defendants.

It is also urged that there was misconduct on the part of one of the jurors, because he did not disclose upon his voir dire examination that an employee upon the Lorain Journal was a distant relative of his by marriage; but we do not find that the record discloses that he was guilty of any misconduct in that regard.

It is also urged that said juror was guilty of misconduct in the deliberations of the jury; but that claim cannot be substantiated, for the reason that jurors are not permitted to disclose what transpired in the jury room for the purpose of invalidating or affecting their verdict, and the trial court committed no error in disregarding the affidavits of jurors which were filed after the verdict.

The court gave many instructions to the jury before argument, at the request of the plaintiff, but refused to give three instructions requested by him, to wit, Nos. 7, 9 and 15, and plaintiff assigns as error the failure of the court to give said instructions, and also asisgns as error the giving of one instruction before argument at the request of the defendants.

As to said requests Nos. 7, 9 and 15, about which complaint is made, we do not think it is necessary to set them forth or to discuss them in great detail; the three requests state abstract propositions of law, and if they had been given they would not have been of any assistance to the jury in arriving at a proper verdict.

The laws of this state provide the method by which directors of a corporation shall be elected and qualified, but it is well known that frequently directors are selected in other methods than the statutory mode and never take the oath provided by law. These persons so selected are de facto directors and their acts are as binding upon the corporations as are the acts of directors regularly elected and qualified; and the fact that they are not regularly elected or qualified does not dissolve the corporation or have any effect upon the corporation as such, nor transfer the liability for the acts done in its name to the ones so acting. It could not make any difference to the plaintiff whether the Highway Construction Cc. violated its express and implied powers when it furnished money to purchase or finance said newspaper; this conduct might have furnished reasons for persons interested in the Highway Construction Co. to complain or the state to have started proper proceedings to inquire into the conduct of the officers of said company, but would not furnish any reason for the plaintiff to be interested in such conduct.

We are also of the opinion that said instruction given before argument at the request of the defendants was rightfully given.

It is also claimed that the court erred in its general charge.

While there are some inaccuracies in the general charge, on the whole it is exceptionally favorable to plaintiff, and we find no prejudicial error therein as against the plaintiff.

The plaintiff claims that the finding of the jury is manifestly against the weight of the evidence.

The evidence shows that steps were taken to form a corporation, a charter was procured from the state, a meeting of the incorporators was held, subscriptions for stock were made, a meeting of the stockholders was held, and the other steps necessary to complete a corporation were taken. This or-

ganization acquired the property and equipment where said newspaper was published, and from the time of the procurement of said charter to the date of the publication of said newspaper which contained the alleged libel, the evidence tends to prove that a valid corporation was formed for conducting a legitimate business, and from that date to the present time that corporation has been functioning as a going concern, publishing said newspaper and doing the other things incident to such an enterprise.

From these facts and many others shown by the record, we are inclined to the opinion that the trial judge would have been justified in saying, as a matter of law, that a corporation had been formed; but in any event we cannot say that the jury was manifestly wrong in finding as it must have done, that the defendants did not conduct said enterprise as individuals, but that the newspaper was published by a corporation duly formed and functioning as provided by law.

The plaintiff complains also that the trial court committed error prejudicial to him in ruling upon the admission of certain evidence, but we do not find that such rulings were prejudicial to him.

Not finding any errors in the record either singly or taken as a whole, which were prejudicial to the plaintiff in error, the judgment of the trial court is affirmed.

FUNK, PJ, PARDEE, J, and WASHBURN, J, concur.