## MURFIN, Exrx, Etc v PENNSYLVANIA RD CO

Ohio Appeals, 9th Dist, Summit Co

No 2106. Decided May 24, 1933

Willis Horn, Orrville, and Musser, Kimber & Huffman, Akron, for plaintiff in error.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error:

## OPINION

By FUNK, J.

First, counsel for plaintiff contend that, as the trial of this cause involved the violation of federal statutes enacted for the protection of employees of a railroad, and particularly that of an engineer who is required to operate a defectively equipped locomotive, and which statutes provided that the defenses of assumed risk and contributory negligence should not apply where the violation of such statutes contributed to the injury or death of such employee, the court erred in charging the jury concerning those defenses.

It will be noted that the petition sought to recover upon the theory of common law negligence and that there was no allegation in the petition concerning interstate commerce or that the negligence of defendant was in violation of any statute, federal or state. The question of whether plaintiff's decedent and defendant were engaged in interstate commerce was put in issue by the allegation of the answer and the reply. Defendant produced evidence to show that they were so engaged, which was not contradicted, and the trial proceeded upon the theory that plaintiff's right to recover was controlled by said federal statutes.

The sections of the federal statutes involved are §§1, 3 and 4 of what is known as the Federal Employers' Liability Act, and §2 of the Federal Boiler Inspection Act.

Section 1 of the Employers' Liability Act provides in substance that a railroad common carrier "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employe," to certain related persons "for such injury or death resulting * * * from the negligence of any of the officers, agents, or employes of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances * * * or other equipment." §3 provides that contributory negligence shall not bar a recovery but shall diminish the damages in proportion to the amount of negligence attributable to such employee, but that such comparative negligence shall not apply where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee. §4 provides that such employee shall not be held to have assumed the risks of his employment in any case where the violations by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

Section 2 of the Boiler Inspection Act provides in substance that it shall be unlawful for any such carrier to permit any locomotive to be used unless it is in proper condition and safe to operate in the service to which it is put, without unnecessary peril to life or limb, and unless it has been inspected from time to time in accordance with the provisions of the act and is able to withstand the prescribed tests.

We think that the petition, being drawn upon the theory of common law negligence, was broad enough to entitle the plaintiff to offer evidence of any negligence of which the defendant may have been guilty in reference to said locomotive, under the Employers' Liability Act, that might have been the proximate cause of the alleged injuries received by decedent, whether or not it was a violation of the Boiler Inspection Act or any other statute enacted for the safety of its employees. If there was evidence that defendant was guilty of any negligence under the Employers' Liability Act which was not a violation of any statute enacted for the safety of its employees, then, as to such evidence, the defendant was entitled to the defenses of assumed risk and comparative negligence; but if there was evidence that defendant was guilty of any negligence which was a violation of a statute enacted for the safety of its employees, then as to that evidence the defendant was not entitled to said defenses. Whether or not defendant was guilty of any negligence of any kind, or violated any statute that was enacted for the protection of its employees, that was the proximate cause of the alleged injury to decedent, was, of course, a question of fact for the jury to determine.

Furthermore, the pleadings put in issue not only the question of whether the alleged injury was due to defendant's negligence or to decedent's want of care, but also whether

plaintiff's decedent was injured at all as alleged in the petition, and/or if so injured, whether such injury was the proximate cause of said decedent's death.

In this connection it should be pointed out that, under the record in this case, the verdict being for defendant, the jury may have based its verdict upon a finding either that defendant was not negligent in any manner and did not violate any federal statute involved, or that the reverse lever did not kick loose from the quadrant, or that if it did so kick loose, it did not strike decedent, or that if it did so kick loose and so strike decedent, it was the result of his sole negligence in handling it and was not contributed to by the negligence of defendant or by the violation of any statute by the defendant, or that the injury to him did not produce the sarcoma which it is claimed caused his death.

Moreover, the court definitely instructed the jury that if they found that the defendant was negligent and that the acts or conduct of defendant constituting such negligence were a violation of the federal statutes, then the defendant was not entitled to the defense of assumed risk or contributory negligence and that they could not consider them as of any benefit to defendant; and there is no complaint as to the charge on the subjects of assumption of the risk and contributory negligence, other than that the court should not have charged on these subjects at all.

We therefore find that, under the pleadings and the evidence, it was not error for the court to charge on the subjects of decedent's assumption of the risk and contributory negligence; at least it was not prejudicial error to do so.

Second, counsel for said executrix contend that the court erred in giving, before argument, defendant's requests to charge Nos. 3 and 4.

We find no prejudicial error in the giving of these requests, especially when considered in connection with the charge as a whole and with what the court said in explanation of said request No. 4 in the general charge.

Third, it is claimed that the court erred in permitting the jury, over the objection of plaintiff, to view an engine other than the one operated by decedent, but of the same type, after the close of the plaintiff's case in chief and after defendant had examined an employee of defendant and shown by him that it was an engine of the same size and type and that the various parts of it were interchangeable with the

same parts of the engine operated by decedent at the time of the claimed injury.

It being conceded that the engine viewed was not the engine operated by decedent, but only one like it, and it not being claimed that the view took place where the engine was located at the time of the alleged injury, we think that it was entirely improper for the court to permit the jury, over the objection of plaintiff, to view said engine after the plaintiff had closed her case in chief, and that said permission did not come within the statute authorizing the court to permit the jurors to have a view of the subject of litigation or of a place where a material fact occurred. While we think this was error, and in some cases and under some circumstances it would be prejudicial, we find that, considering it in connection with the whole record, it was not prejudicial to plaintiff in the instant case.

Fourth, counsel for defendant submitted two interrogatories, under §11463, GC, for a finding on questions of fact which they asked the court to instruct the jury to answer in the event they found a general verdict for plaintiff. It is contended that the court erred in instructing the jury to answer said question if they found for plaintiff but that they need not answer them if they found for defendant; in other words, it is claimed that plaintiff was entitled, under said statute, to have said interrogatories answered whether the general verdict was for plaintiff or defendant, although plaintiff did not ask to have them answered.

The only exception plaintiff took to the instructions of the court concerning said questions was at the time of taking general and special exceptions to the charge, after the court had directed the jury to go to their jury room for deliberation, and which exception was in the following language: "And plaintiff likewise excepts to the instruction of the court that the interrogatories must be answered in a special way." The record does not disclose that, when exceptions were taken, plaintiff requested that said interrogatories be answered regardless of the character of the general verdict, nor were any objections made or exceptions taken at the time the verdict was returned, or any demand made that the jurors be required to return to their room and answer the questions propounded by defendant.

In the case of Ry. Co. v Moffatt, 55 Pac. 837, the Supreme Court of Kansas held that it was not reversible error to permit the plaintiff to withdraw certain interroga-

tories submitted by him and which were not answered, after the jury had returned a general verdict in his favor, in the absence of a showing of prejudice by reason of such withdrawal. If it was not error to permit the party propounding the questions, after a general verdict had been returned in his favor and the questions not answered, to withdraw them, it surely could not be prejudicial for the court not to require them to be answered in the instant case, in the absence of a request by the plaintiff, either before or after a general verdict had been returned against her, that they be answered.

In the case of Carrico v R. R. Co., 24 L. R.A., 50 (W. Va.), it was held that, where a party submitted to the jury particular questions of fact and allowed the jury finding a general verdict to be discharged without asking the court to have the questions answered, he is deemed to have waived such answer.

To this same effect is **Wylie v King, 18 C. C. (N.S.) 304; Accident Assn. v Harrington, 10 C.C. (N.S.), 134; and Caldwell v Brown, 9 C.C. 691.**

We are therefore of the opinion that the instruction of the court in this respect was not prejudicial under the circumstances shown by the record.

Fifth. The other errors complained of pertain to the charge. We have carefully examined all of them; and while there are some apparent inaccuracies in the charge, due in part at least to typographical errors, which render some parts of the charge meaningless, and while we cannot say that the charge is in all respects a model, we find no prejudicial error in it when the alleged errors are considered in connection with the record as a whole.

A careful consideration of the record leads us to the conclusion that the overwhelming weight of the evidence, including the failure of the decedent to include in his written report, on the night of the alleged injury, the alleged defect in the engine, and his conduct on that night and subsequent thereto, sustains a finding that the decedent did not suffer an injury by reason of a defect in said engine, and also that, if he did receive any injury, his subsequent death was not attributable thereto.

The remarks by Judge Allen concerning the overwhelming weight of evidence in cases No. 23684, Hoare v Cleveland, and No. 23753, Heiser Bros. Co. v Cleveland, recently decided by our Supreme Court, are apropo in this case, where she says—

"If this were a closer controversy, the reception in evidence of such objectionable material would compel us to reverse the case upon that one ground. However, we believe that it would be futile to retry this case."

So, if the instant case were a closer controversy, some of the errors in the record might require a reversal of the judgment; but under the evidence disclosed in this record, we do not see how plaintiff could expect to obtain a judgment in this case.

The judgment is therefore affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.