### GOLDBERG v JORDAN

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 19, 1934

Harrington, Huxley & Smith, Youngstown, for plaintiff in error.

H. H. Wickham, Youngstown, and R. R. Thombs, Youngstown, for defendant in error.

KLINGER and GUERNSEY, JJ (3rd Dist) sitting by designation.

## OPINION

By GUERNSEY, J.

These questions will be considered in the order mentioned. 1. At the time the first motion for judgment on the pleadings was made, the petition alleged only that Goldberg and Gregory were the owners of the automobile involved in the collision, and there was no allegation as to who was operating the automobile at the time of the collision. From the mere allegation of ownership of the automobile no inference arises that the persons alleged to be owners were engaged, either by themselves or through agents, in the operation thereof, and as the charge of negligence in this case was based solely on the manner of operating the automobile, the petition failed to state a cause of action for actionable negligence against the defendants. **Hiller v Shaw, 15 Abs 171.**

2. As the petition did not state a cause of action against the defendants, it was error for the court to overrule the motion for judgment on the pleadings, but whether such error was prejudicial to the defendant will be hereafter determined.

The motion mentioned was made under favor of the provisions of §11601 GC, which provides:

"When, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party."

In the case of **Lehman v Harvey, 45 Oh Ap, 215, (14 Abs 494),** it was held that a motion for judgment under this section serves as demurrer to pleadings, raises only questions of law, and, if sustained, may be effectuated by judgment of court. §11365 GC provides:

"If the demurrer be sustained, the adverse party may amend if the defect thus can be remedied with or without costs as the court directs. It shall be no objection to such amendment that it changes the action from law to equity, or visa versa, if its basis, essential facts and final object remain the same."

**Sec 11363 GC** provides:

"Before or after judgment, in the furtherance of justice and on terms as it deems proper, the court may amend any pleading, process or proceeding by adding or striking out the name of any party or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not substantially change the claim or defense by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the provisions of this trial, the court may permit either to be made conformable thereto by amendment."

As the motion for judgment on the pleadings operated as a general demurrer to the petition, the court, under the provisions of §11365 GC, such section being applicable by analogy, had authority to permit the petition to be amended so as to state a cause of action. Furthermore, the court, under the provisions of §11363 GC had authority before or after judgment, in furtherance of justice, to amend the petition by inserting allegations material to the case.

As the court overruled the motion, the plaintiff was not required to exercise his right of amendment at the time. The defendant relies on the decision in the case of **Madgett v Traction Company, 16 N.P., N.S., 93**, as authority for the proposition that after the jury is sworn, and if either party has demanded judgment on the pleadings, it is too late for the other party to ask for an amendment and his only remedy is non suit dismissal without prejudice. Examination of this case discloses that the question involved was not the amending of a pleading, but the filing of a reply after rule day, and in the case the court refused to grant such leave after motion for judgment and entered judgment on the pleadings. It was within the discretion of the court as to whether it would permit the filing of a reply after rule day. It exercised its discretion by refusing leave. Under the petition and answer, no reply being permitted to be filed, the defendant was entitled to judgment on the pleadings, which the court rendered. The statutes relating to the amendment of pleadings were not considered by the court in its opinion. For the reasons mentioned, we do not consider that case as an authority on the question involved in the case at bar, and if it should be considered an authority, do not feel constrained to follow it, as the amendment sections above mentioned are so broad in

their terms, that they apply without exception to all pleadings, and such right as is conferred under the provisions of §11601 GC, to a judgment on pleadings stands on no higher nor different plane than any other right conferred on a party to an action with reference to pleadings.

3. The granting of leave to amend a petition by alleging the driving of the automobile by Gregory did not serve to correct the defect in the petition as to Goldberg, as there were no other allegations in the petition that Goldberg had any connection with or interest in the driving of the car by Gregory, either as Gregory's principal or as a party to a joint enterprise with Gregory.

4. The petition still being defective as to Goldberg, the court erred in overruling motion for judgment on the pleadings and opening statement after trial statement.

On motion to direct verdict for defendant on opening statement of counsel for failure to state cause of action, counsel should be given opportunity to amend statement to constitute cause of action and liberal construction should be given to statement that it may be allowed to stand. **Kelcik v Railway Company, 24 Oh Ap, 82 (5 Abs 136).** Under this rule the plaintiff had the same right to amend his trial statement as to amend his petition. As the motion was not granted, plaintiff did not have the opportunity to avail himself of either right at this time, and whether the overruling of this motion was prejudicial will be hereafter determined.

5. As the petition after leave for amendment had been granted alleging that Gregory was the driver of the automobile failed to state a cause of action as against Goldberg, no cause for election between defendants was presented, and the defendant Goldberg's remedy was by way of motion for judgment on the pleadings rather than motion requiring the plaintiff to elect as to which defendant he would proceed against. If, however, the motion made by the defendant Goldberg should under a liberal construction be treated as a motion for judgment on the pleadings, the overruling of the same was error, but as to whether such error was prejudicial will be hereafter determined.

6. The amended petition filed by the plaintiff, by leave of court, at the close of plaintiff's evidence, contained in addition to other allegations an allegation to the effect that Gregory, in driving the car at the time of the collision, was acting as agent of Goldberg, in the scope of his employment, and at the time the petition was

filed Gregory was dismissed as party defendant to the action. This petition stated a good cause of action as to Goldberg. There was evidence tending to prove each and every allegation of the petition, and although no cause of action up to this time had been alleged as against Goldberg, Goldberg was a party defendant in the action and by his attorney, was in court defending the action. The evidence that had been offered prior to the filing of the petition supported the allegations thereof, and would also tend to support an allegation that Gregory in the operation of the car was engaged in a joint enterprise with Goldberg, which would make Goldberg responsible for his acts in the same manner as he would be responsible in case simple agency, unaccompanied by joint enterprise had existed.

While the court had erred in overruling and not sustaining the various motions above referred to theretofore filed by the defendants, all such errors were cured by the court granting leave to file and the plaintiff filing the amended petition at close of plaintiff's evidence, and the fact that the correct ruling was not made until this time was in no way prejudicial to the defendants as the plaintiff would have had the same right to amend under the provisions of §§11363 and 11365 GC, above referred to, upon the granting of any of said motions, as he finally exercised. And the amendment when made related back to the commencement of the action. **Railway Company v Green, 113 Oh St, 546.**

The defendant Goldberg contends that this amended petition constituted a new and distinct cause of action and was a substantial departure from the action as originally filed. In the case of **Spice v Steinruck, 14 Oh St, 213,** it was held that the restriction upon amendments in the Code, that a proposed amendment "must not change substantially the claim or defense," does not refer to the form of the remedy, "but to the general identity of the transaction forming the cause of complaint."

In the case of **Louisville & Nashville Railway Company v Green, Admrx., 113 Oh St 546,** it was held that where suit was brought in an Ohio court for wrongful death resulting from injuries sustained in the state of Kentucky, and the petition did not state a Kentucky statute authorizing recovery of damages therefor in that state, and after trial and verdict a new trial was granted and the plaintiff given leave to file an amendment to her petition setting forth a statute of Kentucky authorizing recovery of damages for wrongful death, that

since the action could not have been based upon any common law liability, an amendment to the petition setting forth such Kentucky statute was not a new, independent or substiute cause of action, and was not a departure from the action commenced. It sought merely to cure a defect in the original pleading by supplying a missing allegation. In the opinion in that case, at pages 562 and 563, in discussing the question as to whether the amendment to the petition was a departure, it is said:

"In the instant case the general identity of the transaction is the same. The proof that will be adduced at the next trial relating to the circumstances causing the accident will be substantially similar to that offered in the first trial. It will be the same accident, the same death, the same parties prosecuting the case."

This same situation exists in the case at bar. The general identity of the transaction is the same. The proof relating to the circumstances causing the injury was the same as it would have been under any theory of liability. It was the same accident, the same injuries and the same person prosecuting the case, and following the decision in 113 Oh St, 546, supra, we hold that the amended petition filed at the close of plaintiff's evidence did not constitute a departure, and furthermore, that under the provisions of §11363 GC, the ruling of the court permitting the filing of such amended petition by inserting other allegations material to the case was not erroneous, and that the amendment does not substantially change the claim and conforms the pleading to the facts proved.

We further hold that by the filing of the amended petition mentioned, all errors in connection with the previous overruling of motions for judgment were cured and were not prejudicial to the defendant Goldberg. As there was no departure, the statute of limitations did not intervene.

7. The defendant contends that because the plaintiff in crossing Oak Hill Avenue did not look to the west on Kenmore Street, that he was guilty of contributory negligence as a matter of law. The collision occurred at a point on the crosswalk west of the center of Oak. Hill' Avenue. Under the city ordinance stated, and under the state law, Gregory, in driving his car, was required to proceed east of the center of the intersection of Kenmore Avenue and Oak Hill Avenue before making his turn to Oak Hill Avenue, and consequently the plaintiff was not required to anticipate that

an automobile turning from Kenmore Avenue on to Oak Hill Avenue would make such turn west of and prior to passing the center of such intersection, and consequently was not required, as a matter of law, to keep a lookout for cars turning from Kenmore Avenue on to Oak Hill Avenue at the place where the collision occurred. As the plaintiff was not required as a matter of law to keep such lookout, the question as to whether he was negligent in failing to keep a lookout was a question for the jury and not for the court, and plaintiff was not guilty of contributory negligence as a matter of law.

8. The evidence in this case tends to prove that the mission of Gregory at and preceding the collision was to change a five-dollar bill owned by Goldberg, to enable Goldberg, out of such change, to pay to Gregory the sum of $1.50, which it was the duty of Goldberg to pay him. That Gregory, for the accomplishment of this purpose, with the knowledge and implied consent of Goldberg, took the car of Goldberg's wife, which he had theretofore been driving at the request of Goldberg, and proceeded to a convenient place to make some change, and from there proceeded by a convenient way to the place of the collision on his proposed return from the filling station, where such change was made, to the home of Goldberg to deliver such change to Goldberg, so that Goldberg could pay him out of the same and retain the balance for his own use. The evidence showed that the general purpose of both parties in connection with Gregory operating the car was to secure change for the bill for the purpose mentioned, and that the exact place of securing the change, or the exact route which Gregory was to travel for the accomplishment of such mission, was not fixed by any instructions from Goldberg. While this evidence tends to prove a joint enterprise upon the part of Goldberg and Gregory, it also tends to prove that Gregory, in driving the car for the purpose mentioned, was acting as agent of Goldberg, within the scope of his agency and the verdict on this issue is not against the weight of the evidnece.

9. His instructions being indefinite as to a route, Gregory was entitled to go to a convenient place and to go and return by a convenient route, and his going to the filling station instead of the store, and his continuing beyond the filling station before making his turn to return, were not substantial deviations from his instructions or from the mission he was performing as the agent of Goldberg, and consequently Goldberg was liable for his negligence in the operation of the car.

10. As shown by the evidence, which is too long to discuss in detail, the verdict was not excessive.

Holding these views the judgment of the court below will be affirmed.

ROBERTS, PJ, concurs in the judgment.
KLINGER, J, dissents on ground there is no evidence tending to prove agency of Gregory for Goldberg.