## JONES v ARMOUR CO

Ohio Appeals, 9th Dis, Summit Co

No 2681.  Decided Feb 19, 1937

Carl D. Sheppard, Akron and Taylor & Taylor, Akron, for plaintiff.

J. P. Doyle, Chicago, Ill., and Musser, Kimber & Huffman, Akron, for defendant.

### OPINION

By DOYLE, J.

This is a case here on the petition in error of Josie Jones, plaintiff, from a verdict and judgment rendered in the Court of Common Pleas for the defendant therein, Armour and Company. Reference is made to the parties as they appeared in the court below.

Epitomizing pertinent evidence in the record, it is disclosed that the plaintiff, a housewife, purchased from a retail market a small jar of pickled pigs feet which had been processed, canned and delivered into the channels of trade by the defendant.

Two days later, at lunch, the jar was opened, by removing the metal cap which fitted tight and screwed onto its glass threads, and the contents were served, by the placing of the opened jar upon the table. Plaintiff's husband ate, as did plaintiff, a very small portion of one of the small toes, and almost immediately they both became violently ill, according to the testimony of the diners. Plaintiff's testimony on this point is as follows:

"While I was preparing the table for lunch, my husband reaches over to the cabinet and takes the jar of pigs feet out and set it upon the oven. That is in reaching distance of our breakfast table. After we sat down to eat at the table he reaches and gets the jar of pickled pigs feet, he put it between his legs, he takes a knife and he knocked the top of the cap, then he screws it open and sets it over on the table. I just reached over, like this, and takes one of those little toes that protrudes up and I put it in my mouth. And he did the same thing. At about the same time he turned to the cabinet to get the salt shaker. When he turned around to set down I began to see little black things in front of me, and I says, 'Oh, my! I am sick.' And he said, 'And so am I.' And I can't recall anything hardly that happended after that."

Within twenty-five minutes after ingestion, a doctor arrived in the company of the son of the plaintiff. A terrific odor was at this time noticed, coming from the pigs feet, which odor so pervaded the air that one "could hardly stay in the room" because of it.

Later, on the same day, and within not more than three hours after said jar was opened, it and its contents were taken to a professor of bacteriology of the University of Akron, who was also the director of laboratories for the city department of health, who detected the malodor entirely across the laboratory. He found the contents in a state of fermentation, bubbling and frothy and with a layer of yellow material about one inch thick on the topmost level thereof. Tips of the pigs feet protruded into this yellow material.

A bacteriological examination revealed the presence of an organism known as proteus vulgaris, and cultures made from the yellow material on the top of said jar produced pure cultures of said bacilli, which were found only in the yellow layer. The layers below did not sustain bacterial life.

The petition claimed the violation of the so-called pure food laws of the state, negligence and breach of warranty. The answer was a denial of these charges.

The trial court, before argument, charged the jury on contributory negligence, upon the theory that that issue was raised by the evidence.

We are satisfied beyond peradventure that the evidence compelled such instruction. The appearance, odor and taste of the pigs feet and fluid were matters which the jury could and should consider as bearing upon the plaintiff's care in the eating of them. The principle of law that contributory negligence, even though not pleaded, when raised by the evidence becomes an issue, is now so well grounded in our jurisprudence that discussion of that question seems unnecessary.

Counsel for the defendant, in argument and brief, contend that the Ohio two-issue rule is determinative; and if the rule is properly applicable to this case, that is true. Said rule has been termed "a rule of policy," pronounced to expedite court work.

**Knisely v Community Traction Co., 125 Oh St 131.**

**Binder v Youngstown Mun Ry Co, 125 Oh St 193.**

It is therefore expedient to examine it first.

The record discloses that the defendant requested before argument the following charge, which was given:

"5. I also charge you that it is the law that in the care, handling and eating of the pickled pigs feet in question the plaintiff, Josie Jones, was required to exercise reasonable care for her own protection, and if you should find therefore that in so doing she was negligent and that such negligence on her part directly and proximately produced or directly and proximately contributed to any injury sustained by her, then she is not entitled to recover and your verdict should then be for the defendant, Armour and Company."

This charge, in our opinion, fairly and properly states the doctrine of contributory negligence.

Challenge is made that neither in this request nor elsewhere in the court's charge was instruction given upon the burden of proof as applicable to contributory negligence. Likewise, nowhere in the record

can there be found a request made by counsel for the plaintiff that the court supply this omission, although opportunity was afforded for such a request to be made. A general exception only was taken to the charge as given.

The following quotation from 2 O. J. "Appeal & Error," §215, enunciates the settled law of Ohio, and scores of cases may be cited in support thereof:

"A general exception to the charge of the court * * * does not bring in review on error an omission or failure to give further proper instructions, unless the omission renders the charge misleading."

Does the omission render the charge misleading?

The third paragraph of the syllabus in **Bradley v Cleveland Ry Co, 112 Oh St 35,** follows:

Headnote 4.

"3. If, in such action, the issue of contributory negligence is developed by the evidence, and the court fails to charge upon the burden of proof as to that issue, a general exception to a charge otherwise correct does not bring in review such failure to charge. * * *"

In the opinion the following appears:

"Under §11561 GC, a general exception to the charge of the court only reviews errors of law existing in the charge as given, and does not bring in review an omission or failure to give further proper instructions. **Columbus Ry Co v Ritter, 67 Oh St 53,** 65 N E 613."

We are of the opinion that the general verdict returned in this case must be presumed to have been a finding favorable to the defendant upon all the issues, under the so-called two-issue rule, and that this is a case in which the issues are such that a finding for the defendant on the issue of defendant's alleged violations, and the plaintiff's negligent omissions or commissions, should not be reversed for error relating exclusively to the issue of the defendant's violations, for the reason that we find no affirmative error in the submission of the issue of contributory negligence; and where one of two or more issues, complete in itself as a defense, is submitted to the jury free from affirmative error, and

there are no interrogatories attached to the verdict to indicate upon which issue the jury's verdict is grounded, errors as to other issues should be disregarded.

**Kihlken, Admr v Barber, 129 Oh St 485.**

The plaintiff further urges as prejudicial the submission of interrogatories, to be answered "in the event the jury returns a verdict for the plaintiff, Josie Jones * * *."

The jury in the trial court returned a general verdict, for the defendant, upon which judgment was entered, and did not answer any of the interrogatories.

The statute (§11420-17 GC) reads:

"When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk."

This court, in **Murfin, Exrx v Pennsylvania Rd Co, 16 Abs 527,** stated the law to be that a failure on the part of the objecting party to request that the interrogatories be answered regardless of which litigant the general verdict favored, either before the jury retired or after its return with a verdict and with the interrogatories unanswered, waived any right which he might have to the answers.

The record in the instant case disclosed no such request. We do not believe the submission of the interrogatories nor the failure to subsequently answer them constitutes prejudicial error, and we are of the opinion that the principle announced in the Murfin case, supra, applies equally here.

Various other errors are urged by counsel for plaintiff, and it is particularly urged that the plaintiff's claims of negligence and breach of warranty were improperly submitted to the jury.

In view of our application of the two-issue rule to this case, such claimed errors become immaterial, if the issue of contributory negligence was submitted to the jury free from affirmative error; and we find it to have been so submitted.

For the reasons stated, the judgment of the Court of Common Pleas will be affirmed.

STEVENS, PJ, and WASHBURN, J, concur.