## MARTIN v HOOFFSTETTER

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3396. Decided Dec. 4, 1941.

Phil S. Bradford, Columbus, and Clifford L. Rose, Columbus, for plaintiff-appellant.

B. B. Bridge, Columbus, and E. M. LeGendre, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment entered on a verdict for defendant-appellee.

The action was for damages for personal injury alleged to have been caused by the negligence of an employee of defendant in the operation of defendant's truck. Plaintiff, on December 21, 1939, at about noon, was riding his bicycle in a southerly direction on Parsons Avenue, Columbus, on the westerly, plaintiff's right side thereof, and as he was passing an automobile headed in the same direction as plaintiff was moving, and parked at the west curb, the left door of the automobile was caused to be opened so that it struck the plaintiff, causing the bicycle to reduce its speed and swerve slightly toward its left. Defendant's truck, moving in the same direction, ran into and upon the plaintiff, injuring him in particulars set out in the petition. There were six specifications alleged.

(1) Failure to keep the truck under control.

(2) Driving at a rate of speed that was greater than reasonable and proper.

(3) Operating the truck at a rate of

speed that would not permit it to be brought to a stop within the assured clear distance ahead.

(4) Failure to stop, abate the speed, or divert the course of the truck when they saw, or in the exercise of ordinary care should have seen, the plaintiff in the street and in a position of danger.

(5) Failure to keep a proper look-out.

(6) Negligently overtaking the bicycle ridden by plaintiff without passing to the left thereof at a safe distance and without remaining to the left of said vehicle until safely clear of such overtaken vehicle and rider, * * *.

Originally the driver of the truck, as well as the owner, were made parties defendant but after the evidence had been taken the driver was dismissed, inasmuch as it was admitted that at the time of the collision he was operating the truck of defendant, Hooffstetter, as his agent and about his business.

The answer of defendant, after certain admissions, was a general denial.

Upon trial had, verdict was returned for the defendant upon which judgment was entered after a motion for new trial was filed and overruled.

The appeal assigns five grounds of error.

(1) Failure to sustain the motion for new trial.

(2) Error in refusal of the trial judge to charge the jury "that the accident took place in a business and closely built up portion of a municipality".

(3) Error in the general charge of the court as given.

(4) Error in giving of special charge before argument upon request of defendant.

(5) That the verdict is not sustained by sufficient evidence and is contrary to law.

We consider the errors in the order assigned.

The first assignment is sub-divided as follows: that the Court erred in sustaining the defendant's motion, over the objection of the plaintiff, to have the jury taken out to observe some

automobile after all evidence had been submitted and the arguments of counsel, and, that the Court erred in permitting the jury to go out of the court room after the arguments were completed, in that it had a tendency to over-emphasize that part of the testimony with reference to where the hinges were on an automobile door when the plaintiff's contention was that defendant, Hooffstetter, was guilty of actionable negligence, regardless of the location of the hinges on the automobile.

The record discloses a conflict in evidence as to the location of the hinges on the automobile door, whether toward the front or the rear of the car parked along the west curb of Parsons Avenue, which door it was claimed was opened and caused plaintiff to deflect his course. Mr. Hugoniot, the owner of the car which was parked along the curb, stated that it was a Standard Model 1935 V-8 Ford Coach. He stated that the door in his car opened from the front to the rear and that the bicycle came into contact with the door as he opened it and that it had hardly any effect on the bicyclist and he continued almost in a straight line.

After the cause had been submitted upon the evidence, the Court had specially charged the jury and counsel had concluded their arguments to the jury, counsel for defendant moved the Court to be permitted to re-open the defense and exhibit to the jury a 1935 Ford V-8 Coach. Over objection, the Court granted the request and said to the jury that they would be permitted to go with the Clerk of the Court, who was then acting as Court Bailiff, to see a 1935 Ford V-8 which would be exhibited to them. Counsel for plaintiff made the record to show that the jury looked at an automobile whose 1940 license number was J-3343.

Thereafter, and after verdict, an affidavit was proffered to the effect that automobile license, J-3343, 1940, was issued to William C. Wilson for a Chevrolet Coach for 1932 model, etc. Counter affidavits were filed by a Mr. McCormick and Mr. Wilson, the owner

of the car which the jury had viewed, the effect of which is to establish that the car which was exhibited to the jury was also a 1935 Ford Touring Sedan and that it improperly bore the license number J-3343.

In Murfin, Exrx., etc. v Pa. Rd. Co., 16 Abs 527, the Court of Appeals of Summit County held that the statute §11420-2 GC,

"does not authorize the Court, over objection, in an action for injuries to an employee while engaged in switching cars alleged to have been caused by reason of the defective condition of the locomotive used in the operation, to view an engine 'like' the one operated by the injured employee, although the fact that it does so may not be prejudicial."

So, in the instant case, if the Court had the authority to permit the view of the automobile, it must █ have been under the general common law power and not by virtue of any statutory authorization. In any event, upon the record as eventually established, the action, if erroneous, was not prejudicial because its effect could not have influenced the jury to improperly determine the question in dispute. We find no testimony in the record before the jury to the effect that the automobile which it viewed was a 1935 Ford and the trial judge seems to have accepted the statements of counsel in lieu of testimony. It is our judgment that it would have been safer procedure to have called a witness who knew, and the owner of the Ford which was viewed answered this description, to testify as to the location of the hinge on the door of a Ford of the model of the one driven by Mr. Hugoniot.

The action of the Court in permitting the view was not in violation of §11420-1 GC, §7, which provides that,

"The Court, after the argument is concluded, before proceeding with other business, shall charge the jury."

This statute was not intended to take away from the trial judge the power to control progress of trial. For good ground shown and █ in the exercise of sound discreton, the judge may open up the case at any time prior to its actual submission to the jury for its verdict.

The second error assigned is that the record disclosed, that the place where the accident occurred was in a public and closely built-up portion of a municipality and that the Court erred in charging the controlling speed limit under §12603 GC to be 35 miles per hour. We are satisfied that the Court did not err in that portion of the charge objected to. It appears that the intersection of Stewart █ and Parsons Avenues may be said to be a closely built up portion of the municipality, as there are business buildings on all four corners thereof, all of which come out to the street line. However, the accident did not occur at the intersection but at a distance of 75 to 100 feet south of the intersection on Parsons Avenue. There is no showing that the place of the accident was a closely built-up or business section of the municipality.

The third assignment of error is directed to the general charge as follows, and particularly the part emphasized,

"Now, members of the jury, if the plaintiff established one or more of these claimed grounds of negligence by the greater weight of the evidence he is entitled to recover, and if he is entitled to recover, I have indicated in the charge that you will fix and award the amount of damages. **If he has failed to establish one or more of those claimed grounds of negligence against the defendant then he would fail in the litigation and your verdict would be for the defendant.** Otherwise, if he has shown these propositions affirmatively your verdict would be for the plaintiff."

The Court in his general charge sought to instruct the jury as to the obligation resting upon the plaintiff to establish "one or more" of his claimed grounds of negligence and told the jury that if he had established "one or more" he would be entitled to recover. This is conceded to be a correct charge. The emphasized portion of the charge is criticized as placing upon the plaintiff the burden not only of establishing one ground of negligence, but more than one ground. The language used is inadvertant and unfortunate. The Court could have said, without criticism, that if he has failed to establish any one of these claimed grounds of negligence he would fail. Is the language used prejudicially erroneous?

There were six allegations of negligence in the plaintiff's petition. In the first paragraph of this charge, the jury was instructed that if the plaintiff establishes "one or more" of the claimed grounds, he would be entitled to recover. There is no claim made that in the use of such language the Court erroneously instructed the jury that the plaintiff would have to establish more than one of the claimed grounds in order to recover. It might have been better had the Court instructed that if the plaintiff established any one of the claimed grounds, he would be entitled to recover. But it is conceded that the instruction as given was not erroneous, as used in the first paragraph.

However, it is urged that when the Court instructed the jury as to the burden placed upon the plaintiff for the failure of which no recovery could be had that the use of the same expression "one or more" imposed upon the plaintiff the burden of establishing more than one ground of negligence. We do not so read this language. As stated before, it may have been clarified in both cases by using the expression "any one of" or a similar expression, but the Court having charged that if the plaintiff established "one or more" of the claimed grounds he could recover, it was but natural that the Court also state to the jury that the

plaintiff could not recover if he had failed to establish "one or more" of the grounds of negligence. We think it would be a strained construction to say that the Court, by the use of the language of the second paragraph, instructed the jury that if the plaintiff has failed to establish "one or more" that such language instructs the jury that the burden is upon the plaintiff to establish more than one allegation of negligence. The words "one or more" in both paragraphs of the instruction are identical and should be given the same construction. No claim is made that the first use of the words "one or more" imposes the burden upon the plaintiff of establishing more than one. If this be true, there can be no logical contention that the language used in the second paragraph was an instruction that the plaintiff was obliged to establish negligence in more than one respect.

It seems to us that while we believe the language "one or more" in each paragraph might have been improved by the use of the words "any one", yet we do not believe that the language used in the second paragraph imposes a burden upon the plaintiff to prove the allegations of "more than one" of the alleged grounds of negligence and that the charge as given was not erroneous.

The effect of the instructions in both paragraphs is to call the jury's attention to the fact that if the plaintiff established a single one of the allegations of negligence, he could recover but that if he failed to establish any of the allegations, he could not recover.

The fourth assignment of error is directed to a special charge before argument given at the request of the defendant.

"If you find from the evidence that the driver of the automobile which was parked in the vicinity of this accident, which owner has been referred to in the testimony as a Mr. Hugoniot, was negligent and such negligence directly and solely caused the injury, if

,any, of which the plaintiff. complains, then plaintiff can not recover and your verdict must be for the defendant."

The Court in the general charge ·called attention to the giving of the aforesaid special charge. The record fully discloses the relation of Mr. Hugoniot to the cause of the injuries of which plaintiff complains. It was the claim of the defendant that Mr. Hugoniot's act of opening his car door ,caused plaintiff to deflect his movement and brought about the collision with defendant's truck. In this situation we find no error in presenting the ,special charge heretofore quoted at the request of the defendant.

The fifth assignment of error is that the verdict and judgment are not sustained by the evidence and are manifestly against the weight thereof. We do not find this assignment of error well made.

Judgment affirmed.

GEIGER, PJ. and BARNES, J., concur.