Hart, J.
 

 One of tbe claims of tbe plaintiffs is that tbe trial court committed prejudicial error in its general charge to the jury on tbe law relating to lateral support.
 

 Tbe depth of tbe excavation being a disputed question of fact in tbis case, liability for interference with lateral support may be determined by tbe common law, by tbe statutes of tbe state on tbe subject (see Sections 3782 and 3783, General Code), by certain ordinances of tbe city of Cincinnati which were applicable, or by a combination of -two or more of them, dependent upon tbe facts found by tbe jury. Tbe court, in tbe course of its charge to tbe jury, said:
 

 “If tbe plaintiffs establish by a preponderance of tbe evidence that the defendant removed or interfered with the lateral support of tbe plaintiffs ’ land without complying with tbe requirements of the statutes of Ohio and tbe ordinances of tbe city of Cincinnati, or in violation of said law or ordinances, or in removing said lateral support, and in making excavations on bis land, tbe defendant was negligent in so doing, and such negligence was tbe proximate cause of tbe injury or
 
 *327
 
 damage to the plaintiffs’ buildings, then your verdict would be for the plaintiffs.”
 

 Later, the court charged as follows:
 

 “In an action for damages by reason of loss of lateral support, in case you find that the excavation made by Henry Springer was negligently done, or was done without notice as required by the statutes of Ohio, and the acts of Doctor Springer were the direct and proximate cause of the sliding of the land of the plaintiffs * * * the owner of the property so damaged is entitled to recover. * * *”
 

 The plaintiffs claim that the court erred in suggesting that negligence of the defendant was an essential element to be shown to entitle the plaintiffs to recover, as negligence is not a prerequisite to liability, except under limited circumstances.
 

 It must be remembered that there was a sharp dispute of fact as to the character and extent of the excavation made by the defendant, and as to whether there was any evidence on the subject which created any liability unless negligence on the part of the defendant was present. No interrogatories to disclose findings of the jury as to matters of fact were submitted, except on the question as to whether the defendant was negligent, and .from a consideration of the whole record this court cannot say that error prejudicial to the plaintiff, in this regard, intervened.
 

 The plaintiffs also claim that the court erred in receiving with the general verdict an answer to the interrogatory submitted to the jury, because such answer was not signed by the nine jurors who signed the general verdict.
 

 The fact that one of the jurors who signed the general verdict did not sign a negative answer to the interrogatory as to whether the defendant was negligent, did not vitiate the general verdict because there were issues other than negligence, upon which the jury was
 
 *328
 
 warranted in returning a verdict for the defendant. Even though such juror might have held the view that the defendant was negligent, the element of proximate cause was controverted and could furnish a basis for the concurrence of the juror in question in a verdict for the defendant.
 

 Did the court err in receiving the answer to the interrogatory signed by only eight of the jurors who concurred in the general verdict'? In the state of Wisconsin where 10 of 12 jurors may return a general verdict and answer interrogatories, the Supreme Court of that state has held that when a general verdict is returned and several interrogatories are answered by 10 members of the jury, the answers to such interrogatories must be by the same jurors.
 
 Bentson, Admr.,
 
 v.
 
 Brown,
 
 186 Wis., 629, 203 N. W., 380, 38 A. L. R., 1417;
 
 Kosak
 
 v.
 
 Boyce,
 
 185 Wis., 513, 201 N. W., 757;
 
 Dick
 
 v.
 
 Heisler,
 
 184 Wis., 77, 198 N. W., 734;
 
 Hobbs, Admr.,
 
 v.
 
 Nelson,
 
 188 Wis., 108, 205 N. W., 918, and
 
 Biersach
 
 v.
 
 Wechselberg,
 
 206 Wis., 113, 238 N. W., 905.
 

 In this case, after the verdict and answer to the interrogatory were received by the court, no objection was offered by counsel for plaintiffs’, and no request was made that the jury be required to continue its deliberations until the interrogatory was answered by all the jurors joining in the general verdict. Under such circumstances, the most that can be claimed is that there was a failure to answer the interrogatory. See,
 
 Creighton v. Kiehl,
 
 60 Ohio App., 86, 19 N. E., (2d), 653, where a somewhat similar situation arose.
 

 The plaintiffs, not having made objection before the jury was discharged, are not now in a position to claim prejudice on the ground tliat the special verdict vitiated aiid failed to test the general verdict, since eight of the same jurors who signed the general verdict signed the answer to the interrogatory in effect consistent with their general verdict.
 

 
 *329
 
 We hold that it is not necessary to pass upon the question as to whether the interrogatory was properly answered. The general verdict was properly rendered, and the court did not err in rendering judgment upon it. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Bell, Williams and Turner, JJ., concur.