LEACH, ADMX., APPELLANT, *v.* NANNA, APPELLEE.*

(No. 5140—Decided March 21, 1955.)

*Messrs. Buchanan, Peltier & Fuller,* for appellant.
*Messrs. Benoy & Sebastian,* for appellee.

WISEMAN, J.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County entered on a general verdict returned in favor of the defendant in an action to recover for wrongful death.

In her petition plaintiff alleges that on April 6, 1952, at approximately 1:30 a. m., the decedent was walking from west to east on the north side of Whittier Street in the city of Co-

*Motion to certify the record dismissed on application of appellant, June 29, 1955.

lumbus and was crossing Parsons Avenue on the crosswalk, at the intersection of the two streets; and that as he was crossing Parsons Avenue, the defendant, who was driving an automobile in an easterly direction on Whittier Street, struck him, as the defendant was in the act of making a left turn into Parsons Avenue. Plaintiff alleges that defendant was negligent in three particulars:

1. Failure to keep his windshield clear from fog and moisture so as to enable him to see the road.

2. Failure to observe decedent as he was crossing Parsons Avenue.

3. Failure to yield the right of way to decedent.

Plaintiff alleges further that defendant struck the decedent with the front of his automobile, knocking the decedent to the street and causing injuries which resulted in decedent's death. The defendant's answer was a general denial.

The jury returned a general verdict for defendant. A motion for new trial was overruled.

Plaintiff, appellant herein, has assigned seven separate errors which may be epitomized as follows: Error in giving special instructions and in the general charge; error in accepting a verdict for the defendant when special interrogatories requested by defendant were unanswered and the jury was discharged before the fact was made known to counsel; error in that the verdict was against the manifest weight of the evidence; and error in overruling motion for new trial.

The court gave eight special instructions requested by defendant, with respect to which the plaintiff claims error. The record shows that the court questioned counsel for plaintiff on each and every special instruction and asked whether there was any objection. Counsel for plaintiff answered "No objection," except to special instruction number 6, to which he interposed an objection. Inasmuch as counsel for plaintiff made no objection to seven of the special instructions the question was not saved and error cannot be predicated thereon. Special instruction number 6 was given as follows:

"I charge you that the General Code of Ohio provides:

" 'Pedestrians shall not step into nor upon a public road or highway without looking in both directions to see what is approaching.'

"If you find that Russell Leach did not look in both directions to see what was approaching before stepping into or upon the highway, he was negligent, and if you further find that such negligence proximately contributed in the slightest degree to cause his injuries and death, then your verdict must be for the defendant."

Though this charge is based on Section 6307-47, General Code, and is a correct statement of the law, appellant contends that the charge should not have been given on the ground that there was no evidence, not even a scintilla of evidence, on the question as to whether decedent looked or failed to look in both directions as the statute requires. The decedent was not observed by anyone until he was struck. In the absence of evidence to the contrary, the presumption attends that decedent obeyed the law. The defendant did not plead contributory negligence, and this issue could enter the case only if plaintiff's evidence suggested contributory negligence. The record fails to show it. The charge had no application to the evidence; it was misleading and prejudicial to plaintiff's case. Furthermore, the defendant's automobile approached from behind the decedent from an intersecting street. The section of the Code on which the instruction was based does not require a pedestrian, as a matter of law, to look behind him for approaching vehicles to see what course the vehicle traveling in the same direction may take. The right of a pedestrian crossing a street is at least equal to the right of a motorist coming from behind the pedestrian to turn the corner. *Goldberg* v. *Jordan,* 18 Ohio Law Abs., 173, affirmed 130 Ohio St., 1, 196 N. E., 775; *Liberty Highway Co.* v. *Mastin,* 34 Ohio App., 183, 170 N. E., 604. See 6 Ohio Jurisprudence (2d), 567, Section 313. In giving this special instruction the court committed reversible error.

It is also contended that the court erred in including the word "injuries" in the special instruction number 6 and in the general charge. The point is made that since this is an action to recover for wrongful death, and an action to recover for injuries is a separate and distinct action, it was prejudicial to use the word "injuries." The plaintiff alleged in her petition that decedent suffered injuries which resulted in his death. The word "injuries" was used in connection with decedent's death,

or as resulting in his death as claimed by plaintiff. In our opinion the use of the word "injuries" in the special charge, or in the general charge, did not mislead the jury to the prejudice of the plaintiff.

Appellant contends the court erred in the general charge in that it left the inference that the plaintiff had to prove all three specifications of negligence in order to recover. The statement objected to, when considered alone, may have been obscured, but the charge as a whole must be considered in determining whether it was incorrect or confusing. 4 Ohio Jurisprudence (2d), 269, 271, Section 993. The court properly charged the jury that the plaintiff could recover if any one of the specifications of negligence was proved by the proper degree of proof. We find no error in the charge. Furthermore, we do not find where counsel objected to the charge, or called to the attention of the court any omission, or requested a correction. At the close of the charge the record is as follows:

"The court: Addressing counsel for plaintiff, Have you anything to add?

"Mr. Buchanan: Nothing to add, Your Honor."

This assignment of error is not well made.

The appellant claims the court erred in accepting the verdict when special interrogatories were unanswered. The interrogatories were submitted by defendant. The verdict being in favor of defendant, counsel for defendant remained silent with respect to the interrogatories. Counsel for plaintiff, likewise, remained silent. After the verdict was returned and read in open court, the court inserted the number 11, indicating that eleven jurors had signed the verdict. The court then asked, "Anything further on behalf of the plaintiff?" To which counsel for plaintiff answered, "I would like to have a poll of the jury, if you please." Thereupon, the jury was duly polled. The court then inquired, "Anything further on behalf of the plaintiff at this time?" Counsel for plaintiff answered, "That is all, Your Honor." The jury was discharged. Sometime later, the exact time not appearing, counsel for plaintiff learned that the interrogatories had not been answered. This question was raised on motion for a new trial. Counsel for plaintiff rely on the case of *Garber* v. *Chrysler Corp.*, 38 Ohio Law Abs., 405,

50 N. E. (2d), 416, as supporting their contention that the verdict is not complete and, therefore, invalid. That case is distinguishable from the case at bar in two respects. In that case the defendant submitted the interrogatories and the verdict was returned in favor of the plaintiff. Also, Judge Hornbeck, author of the opinion, states, on page 410, that when the jury returned the verdict, counsel for defendant called the attention of the court to the fact that answers to interrogatories had not been concurred in by the required number of jurors, and requested the court to instruct the jury to answer all interrogatories submitted to them. The court refused the request, to which ruling counsel for defendant noted exceptions. In the case at bar the verdict was rendered in favor of defendant, who had submitted the interrogatories; and plaintiff failed to call to the attention of the court the fact that the interrogatories had not been answered, prior to the discharge of the jury. However, it may be urged with much force that either the losing or prevailing party is entitled to have the interrogatories answered. In our opinion this distinction is not controlling in the instant case. Does the failure of plaintiff to seasonably call the fact to the attention of the court constitute a waiver of the right to have the interrogatories answered? We think so. We are not without reliable authority in Ohio. In *Murfin, Exrx., v. Pennsylvania Rd. Co.,* 16 Ohio Law Abs., 527, the defendant submitted interrogatories. A general verdict was returned for defendant. Without objecting or taking exceptions counsel for plaintiff allowed the jury to be discharged. The court held that there was no showing of prejudicial error, citing *Carrico* v. *West Virginia, C. & P. Ry. Co.,* 39 W. Va., 86, 19 S. E., 571, 24 L. R. A., 50, which held that where a party submitted to the jury particular questions of fact and allowed the jury finding a general verdict to be discharged without asking the court to have the questions answered, he is deemed to have waived the right to have such questions answered. Cited in the *Murfin case* are three Ohio Circuit Court cases. In *Caldwell* v. *Brown,* 9 C. C., 691, 6 C. D., 694 (Lucas County, 1895), the third paragraph of the syllabus is as follows:

"Where the jury fails to answer or agree on certain specific questions to them submitted, the consent of the party to

the discharge of the jury is a waiver of all objections to their verdict and to the judgment thereon.''

In *Preferred Masonic Mutual Accident Assn.* v. *Harrington*, 10 C. C. (N. S.), 134, 20 C. D., 612 (Hamilton County, 1907), the third paragraph of the syllabus is as follows:

''Failure of the jury to answer special interrogatories is not ground of error when not excepted to at the time.''

In *Wylie* v. *King*, 18 C. C. (N. S.), 304, 29 C. D., 514 (Summit County, 1910), the second paragraph of the syllabus is as follows:

''A judgment will not be reversed because the trial judge received the jury's general verdict without requiring an answer to be returned to a special interrogatory, where it appears that the parties were in court when the verdict was returned and made no objection to the omission complained of, or that the question asked, if answered, would not have tested the correctness of the general verdict.''

In *Jones* v. *Armour Co.*, 24 Ohio Law Abs., 129 (Court of Appeals for Summit County, 1937), the sixth paragraph of the headnotes is as follows:

''A failure on the part of the objecting party to request that interrogatories be answered regardless of which litigant the general verdict favored, either before the jury retired or after its return with a verdict and unanswered interrogatories, constitutes a waiver of the right to have them answered.''

See, also, *Peer* v. *Horvitz*, 10 Ohio Law Abs., 454; *Smith, Admr.*, v. *Cushman Motor Delivery Co.*, 54 Ohio App., 99, 6 N. E. (2d), 594; *Creighton* v. *Kiehl*, 60 Ohio App., 86, 19 N. E. (2d), 653; *Simpson* v. *Springer*, 143 Ohio St., 324, 55 N. E. (2d), 418; and see annotations and cases in 155 A. L. R., 586, 602.

We are of the opinion that the record in the case at bar shows a waiver on the part of the plaintiff of any right to have the interrogatories answered. We do not find this assignment of error well made.

We do not pass on the weight of the evidence inasmuch as the charge of the court was erroneously applied to the evidence presented.

The motion for new trial should have been sustained.

There being error in the record prejudicial to the rights

of the appellant, the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

MILLER, P. J., and HORNBECK, J., concur.