## CLOS v CHAPMAN

Ohio Appeals, 2nd Dist, Greene Co

No 465. Decided Nov 6, 1940

Marshall & Marshall, Xenia, for plaintiff-appellee.

Miller & Finney, Xenia, for defendant-appellant.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Greene County, Ohio.

The action was one for damages for the alleged negligence on the part of defendant in which the plaintiff claimed that on the 8th day of June, 1939, she was riding in her automobile which was being driven by her husband on Route 68, just north of the city of Xenia, in a northerly direction. The plaintiff claims that the defendant approached from the rear and attempted to pass plaintiff; that in doing so the defendant's machine struck the plaintiff's machine in the rear knocking it in a cross position on the highway and then struck it again broadside on the left hand side, and that by reason thereof plaintiff was injured.

The defendant admitted that plaintiff was driving in a northerly direction, and the defendant going in the same direction attempted to pass the plaintiff, and in doing so there was a very light contact between the two cars; that thereafter the defendant stopped and observed that plaintiff was not injured.

The answer denied all other allegations of the petition.

There is a wide variance as to what the parties claim was the manner of contact of the two machines, and a like variance as to the nature and extent of the injuries.

The case was tried to a jury and following the submission of the case to them they brought in a verdict in favor of the plaintiff in the sum of $5000.

Motion for new trial was filed, overruled and judgment entered on the verdict and within proper time due notice of appeal on question of law was given by the defendant-appellant. Appellants in their brief set out the following separately stated specifications of error.

(1) The court erred in its general charge.

(2) The Court erred in refusing to give interrogatory No. 1 and No. 4.

(3) The Court erred in its remark to the jury after the jury had the case under consideration for one whole day.

(4) The Court erred in excluding evidence sought to be introduced by the defendant.

(5) The verdict is not sustained by sufficient evidence either as to the question of liability or as to the amount of damages assessed.

(6) Damages assessed by the jury are excessive and appear to have been given under the influence of passion and prejudice.

We now take up and determine the several assignments of error in the same order as presented in appellant's brief.

FIRST ASSIGNMENT — The Court erred in its general charge.

The specific language of the trial court complained of is found on page 337 of the record, which reads as follows:

"However, there is no evidence in this case that the driver of the plaintiff's car did anything that would have prevented the defendant from passing it in safety and it further being admitted by the defendant that she sideswiped the car in which the plaintiff was riding, the Court charges you as a matter of law that the defendant was guilty of negligence which was the proximate cause of the collision."

Counsel for appellant argue that this was a factual question to be determined by the jury, and that the trial court committed prejudicial error in giving

the instruction that the defendant was guilty of negligence as a matter of law.

Before the abolishment of the scintilla rule by the Supreme Court in the Hamden Lodge case, this instruction of the trial court probably would have been prejudicial error. The hard surface portion of the highway at the place of the collision was some 20 feet in width, with a line down the center to separate the right and left portions of the road. All withnesses agree that plaintiff's car was at all times on its right hand side of the road.

Defendant had a guest passenger in her car and according to the testimony of both, they followed plaintiff's car for some distance, and then proceeded to start around it; in so doing there was a contact between the two cars. Defendant, in answer to a question by her counsel, made the following statement:

"Well, we followed them for quite a little ways and they were going very slow, so we decided we would go around and when I started around I scraped them a little and their machine apparently seemed to swing in just a little and I scraped their car just a little and I stopped as quick as I could."

This answer, standing alone, might leave the inference that the swinging in of plaintiff's car followed the contact. Possibly this was not intended. At another point in her examination we find the following question and answer:

Q. "In passing the car did Mr. Clos change his course in any way when you went to go around him?

A. "Well he seemed to swing in a little on the left hand side."

There was no evidence that defendant gave any signal of their desire to pass plaintiff's car. All witnesses admit that Mr. Clos, the driver of plaintiff's car, was at all times on his right hand side of the road, and that defendant had an abundance of room to pass.

Mr. Poppe, the guest passenger in defendant's car, gives no evidence of the driver of plaintiff's car swerving to the left. Plaintiff and her husband, the latter being the driver of the car, both testified that there was no swerving of their car.

Taking the testimony as a whole, we are unable to determine that reasonable minds could have ▆▆▆▆▆▆▆ ▆ differed on this question, and hence the trial court committed no error in instructing the jury as a matter of law that the defendant was guilty of negligence in bringing her car in contact with that of plaintiff's.

SECOND ASSIGNMENT OF ERROR— The Court erred in refusing to give interrogatory No. 1 and No. 4.

Interrogatories Nos. 2 and 3 were given. Nos. 1 and 4 read as follows:

"Interrogatory No. 1. What part of the auto in which plaintiff was riding came in contact with what part of the defendant's auto?"

"Interrogatory No. 4. If you answer interrogatory No. 2 in the affirmative, could the defendant have foreseen or reasonably anticipated as the probable result of the contact between the two autos that the plaintiff would have received any of the injuries of which plaintiff complains?"

The procedure through which interrogatories are presented to the jury is authorized under §11420-17 GC. This section reads as follows:

"Section 11420-17 GC.—Finding on questions of fact; journal entry. When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the Clerk."

In the annotation to this section in Page's Ohio General Code, Annotated, reference is made to a great number of Ohio cases. Rather than make specific reference to pertinent cases referred to in the annotations, we make definite statements of conclusions with general observation that such conclusions are amply supported by the Ohio Courts.

First, it is definitely held that the right to have special interrogatories submitted to the jury is mandatory only when the request ▆▆▆▆▆▆ ▆ therefor contains the condition that the questions which are submitted to it shall be answered in case a general verdict shall be rendered. We find nothing in the record showing that this condition was complied with.

Second, there is no obligation upon the trial court to submit interrogatories except those, the answer to which will establish ultimate and determinative facts and not ▆▆▆▆▆▆▆ ▆ such as are only of a probative character. It appears at once that interrogatory No. 1 does not come within this classification. In support of appellant's claimed error in the trial court's refusal to give interrogatory No. 4 we are cited to the case of **Davis v Cleveland Railway Co., 135 Oh St 407,** syl. 2.

Notwithstanding syllabus No. 2 in the above cited case we are constrained to the view that interrogatory No. 4 was too broad in its nature under the particular facts in the instant case.

It is a well recognized principle of law that any pronouncement of a court must be read in the light ▆▆▆▆▆▆▆ ▆ of the facts under consideration. In the reported case plaintiff's action was predicated upon fright, and not from any physical contacts or injuries. In the instant case the basis of plaintiff's cause of action was contact between the two automobiles brought about through the claimed negligence of the defendant. If defendant's negligence was a proximate cause of plaintiff's claimed physical injuries, there would be a liability regardless of whether de-

fendant could have reasonably anticipated that plaintiff would receive the injuries of which she complains.

We find no error in the court's refusal to present to the jury interrogatories Nos. 1 and 4.

THIRD ASSIGNMENT OF ERROR—
The Court erred in its remarks to the jury after the jury had the case under consideration for one whole day.

We are unable to agree with counsel that the jury had been considering the case for one whole day at the time the Court made the request that they continue to consider the case. The record discloses that the trial court charged the jury on the morning of April 26th and at 2:45 P. M. the jury returned into the court room and the court made the following remarks which are complained of under the 3rd assignment of error:

"The Court: Ladies and Gentlemen of the Jury, you have sent down word twice that you could not agree, however, a jury sometime will have to decide this case. The matter has been fairly presented on both sides. It is very expensive to the county to re-try this case and you have been out only a comparatively short time and I think you should keep on trying. The jury often agree after they have thought that there was no chance. I don't want to coerce you into any verdict, one way or the other, but try a little longer and see if you can not decide this case so that we will not have to re-try it."

The particular portion of the above remarks which counsel specifically object to was wherein the court stated, "It is very expensive to the county to retry this case."

Considering the remarks of the Court as a whole, we are unable to conclude that there was any prejudicial error.

FOURTH ASSIGNMENT OF ERROR—
The Court erred in excluding evidence sought to be introduced by the defendant, and excepted to at the time.

The specific question appears on page 274 of the record where counsel for defendant was examining direct, witness Dr. Fishbein. Counsel for defendant asked the following question:

"Now, Dr. Fishbein, there is a discrepancy in the evidence as to what happened, but if it should develop that there was merely a scraping of the machines and no jar, no snapping of the neck, and the machine stopped, and this plaintiff got out and became angry and exicted and screamed and yelled and talked excitedly, and then the parties then went on their way and she drove to her home some seven miles, stopped on the highway and talked with some neighbors, later called the sheriff and reported the accident, later her family physician was called, could there be a build-up in the mind to develop a tenderness in the neck, a localized tenderness of that kind when in fact there was no snapping of the neck, no tenderness actually there from a snapping of the neck?"

This question was objected to by counsel for plaintiff, which objection was sustained by the court and exception taken by the counsel for the defendant.

If for no other reason, this action of the court can not be the predicate of claimed prejudicial error, for the reason that following the ruling of the court counsel for defendant made no proffer of proof. Furthermore, the hypothetical question is objectionable in that it did not in all particulars conform to the evidence already submitted. Again, there could be no prejudicial error since counsel for defendant in other interrogations to this same witness had fully answered every question that could possibly be embraced in the hypothetical question.

FIFTH ASSIGNMENT OF ERROR—The verdict is not sustained by sufficient evidence either as to the question of liability or as to the amount of damages assessed.

It was the plaintiff's claim that when defendant's car unexpectedly and without warning struck her car, that her head was jerked back abruptly, causing an injury to her neck or upper portion of the vertebra; that this first contact swerved the rear of her car to the right and that defendant's car then struck them again near the front, pushing them over to the right of the highway so that both right wheels were off the hard surface. She makes the further claim that from the second contact she was thrown around in the car injuring her arm, face and leg. It was the claim of defendant, supported by her guest passenger that the contact was very slight, described as a mere scraping and not of sufficient force to produce the injuries of which plaintiff complains.

They further testify that there was but one contact and that a mere scraping. The evidence as to any damage to either car was that it was very slight. It was argued by counsel for defendant that the claimed injuries are imaginary and come under the classification known as hysterical. It seems to be conceded that plaintiff presented in the court room a very sorrowful spectacle, being helped around the room, dragging one leg and one arm hanging as though useless. Dr. Fishbein, witness for defendant, presented through his interrogation, a very interesting and logical analysis, supporting his theory that her condition was purely mental and that it is recognized by medical authorities that people can bring on themselves a hysterical paralysis and all the symptoms and reactions of physicial injuries where none, in fact, exist.

Plaintiff called as witnesses her attending physicians, some four in number, who gave evidence that in their opinion the plaintiff suffered physical injuries which in their judgment were permanent.

We agree that it is strange, and we even might say, suspicious, that plaintiff could suffer such severe injuries from such slight contact █ of the two cars. However, this is a jury question and the respective claims and theories fully presented, so that we would not feel warranted in determining that the action of the jury was improper, either in their finding for the plaintiff or in the amount of their verdict.

The above observation will also apply to the sixth assignment of error, wherein the claim is made that the amount of the verdict is excessive and apparently actuated by passion and prejudice.

Finding no prejudicial error, the finding and judgment of the lower court will be affirmed. Costs adjudged against the defendant-appellant.

Cause will be remanded to the Common Pleas Court for further proceedings according to law.

Exceptions will be allowed to the defendant.

HORNBECK, PJ. & GEIGER, J., concur.

## APPLICATION FOR REHEARING

No. 465. Decided Dec 27, 1940

BY THE COURT:

The above entitled cause is now being determined on defendant-appellant's application for rehearing.

In effect the application is a rearrangement of Assignments of Errors Nos. 1, 2, 3 and 5.

The only assignment needing any special attention is No. 3. The writer of the original opinion sought to check the bill of exceptions very carefully before making the observation that the jury received the case in the forenoon and decided it at 2:45 P. M. We do not have the file before us at this time and do not deem this matter of sufficient importance to have it returned to us, but we will assume that counsel for appellant is correct when he says that

the case was received by the jury one day and was not decided until the afternoon of the following day.

Under these conditions, our conclusion would not be changed but the reason therefor would be. If the case was received by the jury in the forenoon and decided in the afternoon of the same day, we would have no difficulty in determining that the case was not held before the jury an unreasonable time. If, on the other hand, the case was submitted to the jury on the morning of one day and was not decided until 2:45 P. M. on the following day, the question is presented in a different way. The complaint is made that the observation of the trial court in connection with the unusual delay was prejudicial.

The length of time the trial court will hold the jury in its consideration of a submitted case is within the sound discretion of the trial court, and will not be held prejudicial unless the reviewing court should conclude that the losing party was prejudiced thereby.

We are not able to so determine.

We want to assure counsel that our final conclusion under special assignment No. 5 was not as he feared tempered by any thought on the part of the court that counsel for appellee or appellant had purposely misled the court in their statement under Assignment No. 3. Such a thought never entered our minds.

The application for rehearing will be overruled.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.