**REED, Plaintiff-Appellee, v. PEARL ASSURANCE CO. LTD., Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1961. Decided December 4, 1947.

Mason Douglas and Maurice J. Leen, Jr., Dayton, for plaintiff-appellee.

Messrs. Beigel and Mahrt, Dayton, for defendant-appellant.

## OPINION

**By THE COURT:**

This is an appeal on law from the Common Pleas Court of Montgomery County, Ohio, which rendered judgment on the verdict in favor of the plaintiff. The plaintiff sued for Three Thousand Dollars being the amount of fire insurance carried on plaintiff's dwelling and household effects by the defendant company. The dwelling and household effects of the plaintiff including the policy of insurance were completely destroyed by fire on March 27, 1942.

The evidence clearly shows that the value of the dwelling and household effects exceeded the amount of insurance.

The defendant-appellant contends that the court erred: in overruling the motion of defendant to strike certain allegations from plaintiff's reply; in overruling the motion for judgment on the pleadings; in overruling the motion of defendant for judgment at the end of the opening statement of counsel for the plaintiff; in refusing to grant judgment to the defendant notwithstanding the verdict; in overruling the motion of the defendant to dismiss the proceedings when the cross-examination developed that plaintiff was not the sole and exclusive owner of the personal property destroyed; in overruling motion of the defendant for judgment at the close of plaintiff's testimony, and, also, at the close of all the evidence; that the verdict of the jury is not sustained by sufficient evi-

dence; that the verdict is contrary to law; in refusing to give seven interrogatories; and in refusing to clarify the general charge on §9583 GC.

Most of the assignments of error may be considered together as they concern the issues of fact made by the answer and the reply. Briefly stated the answer set up noncompliance with the provisions of the policy which required the insured to submit a sworn proof of loss within sixty days after the loss occurred, and, also, to bring an action within twelve months after the date of the loss. The plaintiff in his reply controverted the allegations in the answer by alleging waiver and estoppel by reason of the conduct of the agents of defendant company.

On the issues of fact there is direct conflict in the evidence. The policy of insurance was destroyed by the fire and as a consequnce the plainiff was required to seek direction from the defendant's agent as to the course of action to pursue to collect the proceeds of the insurance. There is evidence from which the jury could reasonably conclude that within a few days after the fire the plaintiff called on Mr. Mitchell, the agent of the defendant company, who issued the policy; that the plaintiff gave notice of loss; that Mitchell directed the plaintiff to see Mr. Wolfe of the Underwriters Adjustment Company, who would handle the matter thereafter; that the plaintiff did see Mr. Wolfe, and upon his request, furnished an itemized list of the household effects which were destroyed and the value of each item; that the plaintiff later upon the request of Wolfe furnished a statement as to the origin of the fire and an estimate or bids on the cost to replace the dwelling; that the plaintiff upon the request of Wolfe filled out a typewritten paper, the purpose or nature of which the plaintiff did not understand, and signed it which was witnessed by Wolfe's stenographer. That Wolfe stated the paper which the plaintiff signed was: "the legal procedure;" that Wolfe stated the matter would be taken care of and that he had complete information. Evidence presented on behalf of the plaintiff further tends to show that on several occasions Wolfe stated the insurance money would be paid. The matter was delayed and shortly after the twelve-month period expired the file was closed. However, the evidence shows that the claim was never rejected by the defendant company until a short time before the suit was filed in 1945.

In his testimony Mr. Mitchell admitted that plaintiff called on him a few days after loss occurred and that he referred plaintiff to Mr. Wolfe, stating that Mr. Wolfe would there-

after handle the matter. Mr. Wolfe in his testimony admitted that he knew the policy had been destroyed by the fire; that plaintiff furnished an itemized list of the household effects, but denied that plaintiff furnished an estimate or bids on the cost to replace the dwelling or a statement as to the origin of the fire as he requested. Wolfe further denied that plaintiff submitted a sworn proof of loss or that he made the statement that the claim would be paid. Mitchell testified that Wolfe had authority to take a proof of loss, and had authority to deal with the plaintiff. Mitchell also testified that he had no knowledge that the claim had ever been disputed or liability denied. Mitchell also testified that the sworn proof of loss is prepared by the agent of the insurance company when the claim is ready for submission for payment; that the proof of loss may be prepared by the adjuster after all other preliminary matters are completed. The evidence shows that a sworn proof of loss was submitted to the defendant company in 1945 which was immediately rejected and the suit was promptly filed.

There is nothing in the record to indicate, and no contention is made, that the defendant company suffered any detriment or was prejudiced in any manner by the failure of the plaintiff to strictly comply with the terms of the policy.

After a consideration of the entire record and in view of the direct conflict in the evidence we cannot find that the verdict is against the manifest weight of the evidence; neither do we believe the court committed error in overruling the defendant's motion to dismiss when the plaintiff's former wife from whom he was divorced in 1945 testified she claimed an interest in the household effects; neither do we find the verdict contrary to law. There is sufficient evidence to support the verdict. See **Insurance Company v Cochran 104 Oh St 427; Acc. & Idem. Co. v Randall 125 Oh St 581; Lind v State Auto Ins. Assn. 128 Oh St 1; Mechancis & T. Ins. Co. v Himmelstein 24 Oh Ap 29.**

The defendant requested the court to submit to the jury a number of special interrogatories. Seven were rejected by the court and we think properly so. The court in its general charge quoted §9583 **GC** which refers to the extent of liability under a policy of insurance in case of total loss.

At the end of the general charge counsel for defendant requested the court to further charge the jury "that this statute did not and does not prevent the defendant from requesting any and all proofs of claim sanctioned by the policy of insurance." The court refused to so charge. Inasmuch as

the court in its special instructions and in the general charge fully covered the matter, we are of the opinion that the charge in relation to this statute did not require such an explanation or qualification.

The defendant-appellant contends that the court erred in overruling defendant's motion for judgment notwithstanding the verdict; the contention being that the answer to the special interrogatories are not consistent with the general verdict. In determining this question we are not permitted to consider the evidence; neither is the court permitted to render judgment on the special findings of fact as against the general verdict unless such special findings, when considered together, are inconsistent and irreconcilable with the general cerdict. **Commissioners v Deitsch 94 Oh St 1; Prendergast v Ginsburg 110 Oh St 360.**

The special interrogatories submitted to the jury and the answers given thereto are as follows:

"**Interrogatory No. 1.**
Did the defendant waive the twelve months limitation?
A.   Yes.
**Interrogatory No. 2.**
If you find defendant did waive the twelve months limitation, in what manner and when did it do so?
A.   When the Insurance Company agent failed to furnish the defendant with sufficient instructions for his proceedure according to the arrangements in the policy, Monday, March 30, 1942.
**Interrogatory No. 3.**
Did plaintiff ever complete proofs of loss within sixty days after the fire in accordance with the terms of the policy?
A.   Yes. Since plaintiff's policy was destroyed such proof of loss was furnished by the plaintiff to the concerned Adjusting Agency according to the instructions furnished him by Adjusting Agency.
**Interrogatory No. 4.**
Did defendant waive the requirement of complete proofs of loss within the sixty days after the fire?
A.   No.
**Interrogatory No. 5.**
If defendant waived the sixty day requirement for complete proofs of loss, in what manner did it do so?
A.   No answer."

The answers to special interrogatories Number 1, 3, and 4, are clearly consistent with each other and with the general

verdict. In answering Number 4 the jury found that the Company did not waive the requirements that proofs of loss be furnished within sixty days, and in answering Number 3 the jury found in effect that proof of loss was furnished as required by the adjuster. We can find no inconsistency with respect to Number 1, 3, and 4. In our opinion special interrogatory Number 2 requires an answer which relates to evidentiary facts, rather than ultimate, controlling or determinative facts, and was not properly submitted. **39 O. Jur. 1158.** Interrogatory Number 1 required an answer relating to an ultimate, controlling, and determinative fact. The answer as given was definite and consistent with the general verdict. Interrogatory Number 2 was intended to draw from the jury a statement as to the mental processes by which and the evidence upon which the jury based its answer to Interrogatory Number 1.

Without discussing the numerous cases in support of the principle that an interrogatory which calls for evidentiary facts and which requires the jury to disclose the mental processes by which they arrive at conclusions of fact, reference is made to the numerous cases cited under §11420-17 GC, in Page's Annotated Code. Particular reference is made to **Mays v Minnich 19 Abs. 516; Clos. v Chapman 33 Abs. 307; Garber v Chrysler Corporation 38 Abs 405** which are decisions by this court. See, also, **Devou v Searles 12 Oh Ap 329, 331; Electric Railroad Company v Hawkins 64 Oh St 391, 397.** An answer to a special interrogatory which is improperly submitted may not be considered by the court in determining whether the verdict is consistent and reconcilable with the special findings. **Steele Company v Ianakis 93 Oh St 300, 303; Tire Company v Lansinger 108 Oh St 377, 384; Haacke v Lease, 35 Abs 381, 385.**

The court is not justified in setting aside or disregarding the general verdict on the ground of inconsistency with the special findings unless the conflict is clear and irreconcilable. **Davis v Turner 69 Oh St 101, 102; Commissioners v Deitsch, supra.**

We are of the opinion that there is not such a clear and irreconcilable conflict and inconsistency between the special findings and the general verdict as would warrant this court to hold that the trial court erred in overruling defendant's motion for judgment notwithstanding the verdict.

Finding no error in the record, the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.