WIEDLE, EXR., APPELLEE, *v.* REMMEL, APPELLANT.

[Cite as Wiedle v. Remmel (1975), 42 Ohio St. 2d 335.]

(No. 74-464—Decided May 21, 1975.)

338

*Messrs. Catri, Howells, Wagner & Kellam* and *Mr. John F. Kirwan,* for appellee.

*Flynn, Py & Kruse Co., L. P. A.,* and *Mr. Raymond N. Watts,* for appellant.

CORRIGAN, J. Appellant propounds three propositions of law for this court's consideration.

Appellant maintains, in his first proposition of law, that decedent was guilty of contributory negligence as a matter of law, where, as here, he stepped upon a public highway outside a municipal corporation in daylight with an approaching vehicle in clear view and was thereafter struck by such vehicle. We disagree.

Appellant relies upon R. C. 4511.49, which requires, in part:

"Pedestrians shall not step into or upon a public road or highway without looking in both directions to see what is approaching."

Violation of R. C. 4511.49 constitutes negligence *per se. Wolfe* v. *Baskin* (1940), 137 Ohio St. 284, construing former analogous G. C. 6310-36. There is, however, no presumption of negligence against either party to an accident except such as arises from the facts proved. *Norris* v. *Jones* (1924), 110 Ohio St. 598; *Bush* v. *Harvey Transfer Co.* (1946), 146 Ohio St 657; 6A Ohio Jurisprudence 2d 463, Automobiles, Section 407. In the absence of evidence to the contrary, a pedestrian crossing a street at an intersection

is presumed to have obeyed the law requiring him to look in both directions before crossing. *Leach* v. *Nanna* (1955), 100 Ohio App. 26; 6A Ohio Jurisprudence 2d 463, Automobiles, Section 406.

In the present case, there is no evidence in the record indicating whether decedent looked in both directions to see if vehicles were approaching as required by R. C. 4511.-49. In fact, the record discloses that the decedent was stepping out into the highway at the time appellant first observed him from a distance of 100 yards. The object which decedent picked up was only two feet out on the paved portion of the highway, and it is not unreasonable for the decedent to have believed he could pick it up and step back before appellant's vehicle approached, if indeed it was visible when he stepped out. In any event, absent evidence rebutting it, the presumption exists that there was an exercise of ordinary care on the part of the plaintiff in obeying the pertinent provisions of R. C. 4511.49.

Appellant, in his second proposition of law, alleges the same facts as stated above but adds the uncontroverted facts that the deceased, having picked up the object, turned and looked toward appellant's vehicle and then proceeded north across the highway into its path. Appelland maintains that these facts raise an inference of decedent's negligence, proximately contributing to his injuries and death, and that appellant was entitled, in the court's general charge on the burden of proof of contributory negligence, to the qualification that plaintiff has the burden of producing evidence to equal or balance such inference, and that the failure of the court to so instruct the jury at plaintiff's request constitutes reversible error. We agree with appellant's proposition of law No. 2, but we hold that the trial court erred in refusing to grant appellant's motion for judgment notwithstanding the verdict.

In the present case, the record is clear and indisputable that: The road was approximately 20 feet wide; decedent, upon picking up the object located two feet out on the highway from the berm, looked at appellant's approaching vehicle; appellant steered his vehicle to the

left into the oncoming westbound lane to give decedent clearance; decedent suddenly and inexplicably "half lunged" or "fell," or otherwise moved across the eastbound lane from where he was standing into appellant's line of travel; appellant was traveling below the statutory speed limit at the time of the accident; and decedent's body was found situated partly in the oncoming westbound lane.

The decedent's actions, from the point in time when he stood up with the object in his hands, approximately two feet from the safety of the berm, looked at appellant's vehicle and proceeded across the eastbound lane into its path, give rise to an inference of lack of ordinary care on his part, constituting negligence. It was this sudden movement into the line of travel appellant had taken to avoid him that directlly and proximately caused decedent to be struck by appellant's vehicle. There is no evidence in the record controverting or explaining this course of action by the decedent.

Therefore, "* * * giving to every portion of the plaintiff's evidence the most favorable interpretation in favor of the absence of negligence on his part, such evidence under such interpretation is susceptible of no other reasonable inference than that of negligence on his part, directly and proximately contributing to his injury, the question of contributory negligence ceases to be a question of fact for the determination of the jury, and it is the duty of the court in such case to direct a verdict for the defendant. * * *" (Paragraph two of the syllabus in *Ziebro* v. *Cleveland* [1952], 157 Ohio St. 489.)

It is not necessary to consider appellant's third proposition of law, relating to the trial court's instruction upon appellant's speed, since we hold, as a matter of law, that the plaintiff-appellee's decedent was contributorily negligent as asserted in Proposition of Law No. 2.

The judgment of the Court of Appeals is reversed and final judgment entered for the defendant.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.