OPINION
{¶ 1} This is an appeal from the judgment of the Allen County Court of Common Pleas which directed a verdict in favor of defendant-appellee, North Dixie Tuck Trailer, Inc ("North Dixie").
 {¶ 2} In 1999, Plaintiff-appellant, Ralph A. Delong, was employed as a truck driver for Roeder Cartage Co., Inc, ("Roeder Cartage") owned by Cal Roeder. On May 9, 1999, Delong preloaded truck No. 7970 at B.P. Chemical for loading with a hazardous material known as aqua ammonia. He returned the truck to the truck yard overnight. On May 10, 1999, Delong arrived at the yard and checked the truck for his trip. At that time, Delong alleges that there was no aqua ammonia or pressure in the line leading out from the truck (unloading pipe). Upon finding that the pump and motor (a.k.a. putt-putt) did not work properly, he took his truck to the garage to be fixed. Without again checking for aqua ammonia or pressure in the line, Delong left for his destination. Upon arriving at his destination, he began unloading. After he undid one latch of the cap at the end of the unloading pipe, the cap blew off "like a gun" and Delong was covered in the aqua ammonia that was left in the line. Delong rinsed himself off, finished unloading the aqua ammonia and returned to Lima. He later went to the hospital and was treated for second degree burns to his groin area.
 {¶ 3} Thereafter, Delong filed a complaint against Roeder Cartage Co., Inc. and North Dixie, a garage located across the street from Roeder,[1] alleging that Roeder Cartage had failed to train him properly and provided him with defective equipment and alleging that North Dixie negligently repaired and prepared the trailer for his use. Prior to trial, Delong settled with Roeder Cartage.
 {¶ 4} A trial was held on Delong's claim against North Dixie. At the conclusion of Delong's case, North Dixie made a motion for Directed Verdict which the trial court granted in a subsequent written entry.
 {¶ 5} Delong now appeals asserting a single assignment of error.
The trial court erred in granting a directed verdict toappellee as the evidence presented by appellant, when construedmost strongly in favor of appellant, established that appelleefailed to properly maintain and repair a tank truck so as to makeit safe for unloading aqua ammonia.
 {¶ 6} According to Civ.R. 50(A)(4), a motion for directed verdict should be granted if, after construing the evidence most strongly in favor of the party against whom the motion is directed, "reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party." Goodyear Tire Rubber Co. v. Atena Cas. Sur. Co.,95 Ohio St.3d 512, 2002-Ohio-2842 at ¶ 3. The trial court is only required to discern whether there exists any evidence of substantive probative value that favors the position of the nonmoving party. Id.; Civ .R. 50(A)(C). The requisite question to ask is "Was there sufficient material evidence presented at trial on this issue to create a factual question for the jury?" See Malone v. Courtyard by Marriott L.P., 74 Ohio St.3d 440,1996-Ohio-311. Moreover, a motion for directed verdict presents a question of law and is reviewed by this court de novo. GoodyearTire Rubber Co., supra, at ¶ 3.
 {¶ 7} In this case, Delong alleged that North Dixie was negligent when after repairing the putt-putt, it returned the truck to Delong with pressurized aqua ammonia in the unloading pipe and failed to warn Delong of the condition. Additionally, Delong alleged that North Dixie negligently failed to install a safety valve and a proper lock on the unloading pipe.[2]
 {¶ 8} To prove a negligence claim, a plaintiff must show a recognized duty, a breach of that duty, and an injury resulting proximately therefrom. Strother v. Hutchinson (1981),67 Ohio St.2d 282. Assuming arguendo that North Dixie had a duty to Delong which it breached, North Dixie raised contributory negligence as an affirmative defense to such an extent as to bar Delong's recovery. A plaintiff may recover only where his contributory negligence is equal to or less than the combined negligence of all the defendants. Former R.C. 2315.19(A)(2). This Court has determined that a directed verdict is properly granted in favor of a defendant when the court can make any one of the following determinations as a matter of law:
(1) the defendant was not negligent; or (2) the defendant'snegligence, if any, was not the proximate cause of plaintiff'sinjury (such as where the plaintiff's own negligence was thesole proximate cause of the injury) or (3) the plaintiff'sown negligence (considering factors of assumption of the risk, ifany), outweighed any negligence of the defendant under R.C.2315.19.
 Motorists Mut. Ins. Co. v. Rockwell (1990),69 Ohio App.3d 159, 162-163, quoting Mowery v. McCracken (Aug. 31, 1987), Hancock App. No. 5-85-33 at *7. Accordingly, "Where the record in a negligence action, construed most favorably toward the absence of negligence on the part of the plaintiff' * * *, is susceptible of no other reasonable inference than that of negligence on his part, proximately contributing to his injury and death, the question of contributory negligence ceases to be a question of fact for the determination of the jury, and it is the duty of the court in such a case to direct a verdict for the defendant."Wiedle v. Remmel (1975) 42 Ohio St.2d 335, syllabus, quotingZiebro v. Cleveland (1952), 157 Ohio St. 489, paragraph two of the syllabus; see, also, Hitchens v. Hahn (1985),17 Ohio St.3d 212.
 {¶ 9} While, unlike the trial court, we did find limited evidence to support Delong's claim of negligence, there was also testimony from Delong and two other Roeder Cartage drivers that the driver has the sole and final responsibility to clear the line of aqua ammonia and pressure before driving. While Delong argues that the mechanics told him he was "ready to go" after they fixed the putt-putt and that, therefore, he should not have had to check the line for aqua ammonia and pressure again, there was no testimony that he asked the mechanics to perform the final inspection before Delong's trip. Consequently, as Delong asserts that aqua ammonia and pressure in the line resulted in his injuries, we find the evidence presented as to Delong's negligence in failing to check the line before he left for his trip so uncontroverted that reasonable minds could only find that Delong was contributorily negligent by more than fifty percent. Based on the foregoing, Delong's assignment of error is overruled and the judgment of the trial court granting North Dixie's motion for a directed verdict is affirmed for the reasons stated above.
Judgment affirmed.
Cupp and Bryant, JJ., concur.
[1] Cal Roeder is the controlling stockholder of North Dixie.
[2] Cal Roeder operated a second truck for hauling aqua ammonia which had a safety valve.