JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and the oral arguments of counsel.
 {¶ 2} Plaintiff-appellant Jennifer Johnson (appellant) appeals from the trial court's decision granting summary judgment to defendant-appellee Twyla Duncan (appellee) in a personal injury case. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 3} On February 6, 2002, appellant went to appellee's property at 3805 East 142nd Street as a potential buyer. While inspecting the attic of the house, appellant heard a noise, became frightened and quickly began descending the stairs. Appellant slipped on something under her foot, fell down the stairs and injured her ankle.
 {¶ 4} On January 30, 2004, appellant filed a personal injury complaint against appellee. Tiffany and Brittany Johnson were also listed as plaintiffs in this case, alleging loss of consortium. During discovery, it was established that pigeons had been living in appellee's attic, the area was covered in pigeon feces and feathers, the attic light was inoperable, and there was no handrail installed on the stairway to the attic.
 {¶ 5} On February 8, 2005, the court granted summary judgment for appellee, stating that appellant failed to: 1) identify what caused her to fall; 2) put forth evidence that appellee had either actual or constructive knowledge of the condition of the stairs or created the condition of the stairs; and 3) show the condition of the stairs was hazardous enough to trigger a duty to warn.
 II. {¶ 6} All three of appellant's assignments of error allege that the trial court erred by granting appellee's motion for summary judgment. We review a lower court's granting of summary judgment de novo. Pursuant to Civ.R. 56(C), summary judgment is proper when: 1) no genuine issue of material fact remains to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party. SeeTemple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
 {¶ 7} In order to efficiently discuss appellant's assignments of error, a brief overview of premises liability law is required. In premises liability law, an invitee is one who enters another's land by invitation for a purpose that is beneficial to the owner. Gladon v.Greater Cleveland RTA (1996), 75 Ohio St.3d 312, 315. It is undisputed that appellant was an invitee on appellee's land. A property owner owes an invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden defects. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203.
 {¶ 8} In her first assignment of error, appellant argues that "the trial court errored [sic] in ruling as a matter of law, that the defendant's duty to exercise ordinary care had been met when there was no inspection of the premises to insure a business invitee's safety."
 {¶ 9} In its journal entry, the court correctly stated appellant's status, as well as the duty appellee owed her. However, appellant's assignment of error incorrectly surmises that the court found appellee did not breach this duty. The court came to no conclusion regarding whether appellee breached her duty to appellant. Instead, the court found that "[i]n order to establish defendant's liability, however, plaintiff must be able to specify what caused her fall. This does not mean that plaintiff has to establish the identity of an unknown substance that caused the fall, but rather plaintiff must be able to demonstrate that the unknown substance caused the fall. * * * The failure to specify the cause of the fall is detrimental to plaintiff's case." Appellant's first assignment of error is based on an incorrect conclusion; therefore, it is without merit and is overruled.
 III. {¶ 10} In her second assignment of error, appellant argues that "the trial court errored [sic] when it concluded as a matter of law that the plaintiff's description of the object which caused her to fall was insufficiently identified."
 {¶ 11} As discussed above, to prevail on a negligence theory in a slip-and-fall case, the plaintiff must be able to identify the reason for the fall. See Cleveland Athletic Assn. Co. v. Bending (1934),129 Ohio St. 152.
"As such, a plaintiff will be prevented from establishing negligence when he, either personally or with the use of outside witnesses, is unable to identify what caused the fall. In other words, a plaintiff must know what caused him to slip and fall. A plaintiff cannot speculate as to what caused the fall. However, while a plaintiff must identify the cause of the fall, he does not have to know, for example, the oily substance on the ground is motor oil. Instead, it is sufficient that the plaintiff knows the oily substance is what caused his fall."
Beck v. Camden Place at Tuttle Crossing, Franklin App. No. 02AP-1370, 2004-Ohio-2989. (Internal citations omitted.)
 {¶ 12} In the instant case, appellant established the following regarding her fall:
"A. So, I turned around and I'm scared at this point and I'm coming down the stairs and I felt something under my foot and it took me for a fall. * * * I do not recall seeing anything on the stairs on my way up.
"Q. You said you felt something under your foot?
"A. Yes.
"Q. Was it a bump? Was it — I mean, what was it?
"A. I don't know what it was.
"Q. Right. Okay. How did it feel?
"A. It felt maybe like a — it was small, maybe the size of a marble. Whatever it was, it rolled * * * out from under my foot."[1]
 {¶ 13} Although appellant did not specify what object caused her to fall, she knew it was a small object that was under her foot. We feel that the "oily substance" referred to in Beck is akin to the small object that appellant identified in the instant case. Accordingly, it should be sufficient that appellant knew the small object is what caused her fall. However, granting or denying this assignment of error does not change the disposition of appellant's case. Appellant must present evidence of all the elements of negligence to overcome summary judgment. See CelotexCorp. v. Catrett (1986), 477 U.S. 317, 324 (holding that where the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which it has the ultimate burden of proof, summary judgment is appropriate). Based on the outcome of appellant's third assignment of error, infra, her second assignment of error is deemed moot. App.R. 12(A)(1)(c).
 III. {¶ 14} In her third and final assignment of error, appellant argues that "the trial court errored [sic] when it ruled that the defendant did not have constructive notice of the condition of her attic and the stairs to the attic."
 {¶ 15} In order to recover in a slip-and-fall case, a plaintiff must show:
"1. That the defendant through its officers or employees was responsible for the hazard complained of; or
"2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
"3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care."
Johnson v. Wagner Provision Co. (1943), 141 Ohio St.3d 584, 589.
 {¶ 16} Specifically, appellant argues that appellee had either actual or constructive knowledge that birds would be roosting in her attic during the cold months because, prior to appellant viewing the home, appellee knew that the attic window needed repairing. However, appellant offers no evidence that appellee had knowledge about the condition of the stairs as it related to her fall. In other words, appellant offers no connection between the small object that rolled from under her foot and the pigeons, nor does she establish a connection between the object and appellee. In fact, appellant stated that she did not see anything on the stairs on her way up. It is unclear what the small object that appellant tripped on was, where it came from, or how it got on appellee's attic stairs. Appellant would have us infer that appellee must have been negligent because appellant tripped on this object. However, the Ohio Supreme Court stated "in order for an inference to arise as to negligence of a party, there must be direct proof of a fact from which the inference can reasonably be drawn. A probative inference for submission to a jury can never arise from guess, speculation or wishful thinking. The mere happening of an accident gives rise to no presumption of negligence."Parras v. Standard Oil Co. (1953), 160 Ohio St. 315, 319. See, also,Deditch v. Silverman Bros. (July 30, 1998), Cuyahoga App. No. 73215 (holding that an invitee did not create an issue of material fact regarding liquid dishwashing detergent spilled on a store's sales floor, when she could not establish that the store caused the spill or had actual or constructive knowledge of the spill).
 {¶ 17} Accordingly, the court did not err when it ruled that appellee did not have notice of the condition of her attic stairs, and appellant's third assignment of error is overruled.
 {¶ 18} In conclusion, although appellant may have sufficiently identified the cause of her fall, she cannot establish a nexus between the small object and appellee, nor can she establish that appellee had notice of the object. As such, there is no genuine issue of material fact that remains to be litigated, and appellee is entitled to judgment as a matter of law.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., concurs.
 Cooney, P.J., concurs in judgment only with separate concurringopinion.
[1] Johnson deposition at 25, 33, 35-36.
 CONCURRING OPINION