ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This is an accelerated appeal. Plaintiff-appellant, Hura Cohen ("Cohen"), appeals from the judgment of the Common Pleas Court which granted the motion for summary judgment of defendants-appellees, Meridia Health Systems and Huron Road Hospital ("Meridia"). For the reasons that follow, we affirm.
 {¶ 2} The record reveals the following. On June 12, 2001, 66-year-old, wheelchair-bound Cohen went to Huron Road Hospital for an MRI of her finger. Cohen registered with the hospital nurse, then propelled her electric wheelchair down an aisle to the waiting area. While turning her wheelchair around to park it, she bumped into a nearby chair. Cohen did not notice anything wrong and finished parking her wheelchair. Shortly thereafter, a woman in the waiting area notified Cohen that her lower left leg was bleeding profusely. Hospital staff were notified and took Cohen to the emergency room, where stitches and a sterile wrap were applied to the wound. Because of Cohen's prior medical conditions, including poor circulation and lower extremity edema, the wound did not heal well and continued to be very painful and numb for a long time.
 {¶ 3} Cohen subsequently filed suit against Meridia, alleging that its negligence had caused her injury. Meridia filed a motion for summary judgment, which the trial court granted. Cohen now appeals from that order.
 {¶ 4} In her single assignment of error, Cohen argues that the trial court erred in granting Meridia's motion for summary judgment.
 {¶ 5} Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370;Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. The moving party bears the initial burden of informing the court of the basis of the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall,77 Ohio St.3d 421, 1997-Ohio-259. If the moving party discharges its initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, Mitseff v. Wheeler (1998), 38 Ohio St.3d 112. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C). Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 6} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact exists as to whether: 1) the defendant owed a duty of care to the plaintiff; 2) the defendant breached that duty; and 3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680.
 {¶ 7} A property owner owes an invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden defects. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203. Thus, it is clear that Meridia owed Cohen a duty of care.
 {¶ 8} Cohen offered no evidence, however, that Meridia breached its duty. In its motion for summary judgment, Meridia pointed out that Cohen did not know what caused the cut on her leg, and simply assumed that the chair she bumped was defective, even though it appeared normal. In her deposition, Cohen testified:
"Q. And based upon what you did see of the chair, the chair did appear normal with the plaid and gray and black sort of going around the chair?
"A. Yes.
"Q. * * * So I am clear, you didn't see and you have no personal knowledge of anything metal or sharp sticking out of the chair?
"A. Yes.
"Q. Is that correct?
"A. Yes, that's correct."
 {¶ 9} Upon further questioning, Cohen testified:
"Q. Now, did you see the chair that you bumped into?
"A. Yes, I seen the chair.
" * * *
"Q. And do you know on what part of the chair you cut yourself?
"A. The lower half where you sit down, I just bumped it.
"Q. And was there any sort of like large piece of metal sticking out or anything like that that was sort of sticking out from the chair that you put yourself on, or just the chair?
"A. I didn't see it, but it had to be a piece of metal that made a hole in my leg.
"Q. I guess I'm asking, did you see anything like that?
"A. No."
 {¶ 10} When asked what Meridia did wrong, Cohen again testified that she assumed the chair was defective:
"Q. What did you think they did wrong?
"A. I believe its because of the chair, you know. There had to be a piece up under the chair.
"Q. And, again, we talked about this at the beginning, you didn't see any long metal piece correct?
"A. No, I didn't."
 {¶ 11} "Negligence shall not be presumed absent an affirmative demonstration from the evidence." Wiedle v. Remmel
(1975), 42 Ohio St.2d 335, 338. Thus, in the context of injuries to plaintiffs resulting from a fall, this court and others have clearly held that mere speculation about the cause of an injury is insufficient to establish liability on a negligence claim. InJohnson v. Duncan, Cuyahoga App. No. 86074, 2005-Ohio-5726, at ¶ 11, this court stated:
 {¶ 12} "`As such, a plaintiff will be prevented from establishing negligence when he, either personally or with the use of outside witnesses, is unable to identify what caused the fall. In other words, a plaintiff must know what caused him to slip and fall. A plaintiff cannot speculate as to what caused the fall.'" Id., quoting Beck v. Camden Place at Tuttle Crossing,
Franklin App. No. 02AP-1370, 2004-Ohio-2989.
 {¶ 13} The same reasoning applies here. Cohen cannot identify any defect with the chair at issue. She assumes that a piece of metal sticking out from the chair caused her injury when she bumped the chair, but such an assumption is nothing more than mere speculation. She does not know what caused her injury and consequently, presented no evidence of a defect on the premises.
 {¶ 14} Even assuming, however, that the chair was in fact defective, Cohen produced no evidence in her response to Meridia's motion for summary judgment that Meridia had either actual or constructive knowledge of the allegedly defective chair. In a premises liability case against an owner or occupier, an injured plaintiff must show 1) that the owner or one of its employees had actual knowledge of the hazard and neglected to give adequate notice of it or remove it promptly; or 2) that the danger had existed for a period of time sufficient to justify the conclusion that the failure to warn against it or remove it was attributable to a lack of ordinary care. Johnson v. WagnerProvision Co. (1943), 141 Ohio St. 585, paragraph three of the syllabus.
 {¶ 15} Cohen offered no evidence of other injuries caused by the chair to demonstrate that Meridia had actual knowledge of the allegedly defective chair. She also offered no evidence regarding Meridia's cleaning or maintenance routines with respect to the waiting area to demonstrate that Meridia should have discovered the allegedly defective chair. In short, Cohen failed in her "reciprocal burden" of opposing Meridia's motion.
 {¶ 16} Cohen would have us infer that Meridia was negligent merely because she was injured on its premises. As the Supreme Court of Ohio has stated, however, "in order for an inference to arise as to negligence of a party, there must be direct proof of a fact from which the inference can reasonably be drawn. A probative inference for submission to a jury can never arise from guess, speculation or wishful thinking. The mere happening of an accident gives rise to no presumption of negligence." Parras v.Std. Oil Co. (1953), 160 Ohio St. 315, 319.
 {¶ 17} Accordingly, the trial court did not err in granting Meridia's motion for summary judgment and appellant's assignment of error is therefore overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Karpinski, J., concur.